## A89A1632. MARTIS v. THE STATE.
(387 SE2d 643)

DEEN, Presiding Judge.

Bartow County law enforcement officers, acting on information, obtained a search warrant for the premises occupied by appellant Martis and, on the basis of evidence seized during a search, arrested Martis for violation of the Georgia Controlled Substances Act. A jury found him guilty on two felony counts, and he appeals his convictions and sentences. *Held*:

1. In his first three enumerations of error appellant asserts the general grounds: the verdict was contrary to law, the verdict was contrary to the evidence, and the verdict was strongly against the weight of the evidence. Our examination of the record reveals no error of law in the proceedings below. As to the evidence, the appellate court determines only its sufficiency, and not its weight. *Webb v. State*, 187 Ga. App. 348 (370 SE2d 204) (1988). In the instant case the search of the premises pursuant to the search warrant yielded the previously photocopied currency (found on appellant's person) and a large quantity of other currency, plastic bags containing marijuana (hidden in two places in the yard), plastic bags containing methamphetamine (hidden in the doghouse), several items of drug apparatus, and lists and other documentation pertaining to retail sales.

Additionally, evidence was adduced showing that appellant had lived on the subject premises for one month prior to the search, had been in sole possession and control of the premises for several days prior to the search, had admitted ownership of a note pad (found beside the telephone during the search) containing memoranda of drug transactions, and had also admitted that his absent roommate/landlord had never possessed any controlled substance on the premises. It

was also established that the premises were in an isolated location and that there were no trails or pathways to and from the premises which might indicate surreptitious ingress or egress by persons other than those in possession of the premises, namely, appellant and his roommate; and that there was no affirmative evidence that a third party had entered the premises. In such circumstances the "equal access" rule does not apply. *Heaton v. State*, 139 Ga. App. 83 (227 SE2d 854) (1976).

Such evidence was sufficient to authorize the rational trier of fact to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). These three enumerations are without merit.

2. Appellant contends that the trial court erred in denying his motion to suppress the evidence obtained during the search of the premises which appellant was occupying, inasmuch as it was the fruit of a search warrant allegedly issued without probable cause. The record shows that the warrant issued because a confidential informant had agreed to make (and made) a marijuana purchase while wearing a "body bug" transmitter and using currency that had previously been photocopied to establish the identity of the serial numbers. The search warrant was issued on the basis of information obtained from this purchase and from two other confidential informants who had observed allegedly drug-related activities at appellant's residence within the 72 hours immediately prior to issuance of the warrant. The investigating officer, in sworn testimony, gave details as to the reliability of these two informants. The investigator further attested that he and another officer had conducted independent surveillance of appellant's residential premises, and had used the information thus obtained as a predicate for issuance of the search warrant.

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed." *Illinois v. Gates*, 462 U. S. 213, 238 (103 SC 2317, 76 LE2d 527) (1983); *Rush v. State*, 188 Ga. App. 520 (373 SE2d 377) (1988). We find that the magistrate in the case *sub judice* had before him information that constituted a "substantial basis for concluding" that there was a "fair probability" of finding contraband or other evidence on the premises described in the warrant. The trial court therefore did not err in denying the motion to suppress, and appellant's fourth enumeration of error is also without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1989.

*James E. Greene*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.