A90A0821. FREEMAN v. CITY OF ATLANTA.

(394 SE2d 784)

DEEN, Presiding Judge.

On November 10, 1988, the appellant, Willie Freeman, was stopped at a routine roadblock in an area known for drug trafficking. City of Atlanta police officers arrested him for failure to prove automobile insurance. The officer searched Freeman and the vehicle and found $7,026 cash, which was presented to the drug dog, Katy, for sniffing. According to Katy's sniff, the money had traces of contraband drugs, and the police officers turned the money over to the Drug Enforcement Agency (DEA). On January 19, 1989, the DEA commenced a forfeiture proceeding to condemn the money pursuant to 21 USC § 881 et seq., and it does not appear from the record that Freeman ever responded to that petition.

On May 3, 1989, Freeman commenced this action against the City of Atlanta to recover the $7,026 cash, on the basis that the State had not instituted a proceeding to condemn the money within 30 days of its seizure, as required by OCGA § 16-13-49 (e). Freeman moved for summary judgment on the claim, and the City of Atlanta filed its own motion for summary judgment on the grounds that the federal forfeiture proceeding pre-empted such action on the State's part. Freeman appeals from the trial court's denial of his motion and grant of the City's motion. *Held*:

1. In support of its motion for summary judgment, the City submitted a copy of the police report of Freeman's arrest, a copy of a DEA report of investigation, including a disposition of non-drug evidence, and a copy of the DEA notice of seizure and forfeiture, along with a copy of the return receipt signed by Freeman and a copy of a notice of the seizure published in a newspaper. Relying upon OCGA § 9-11-56 (e), Freeman contends that this evidence was inadmissible because the copies were not sworn or certified. However, that Code section requires such certification when the copies are referred to in an affidavit, which was not the situation here. Submitting such documents is an acceptable means of presenting evidence in support of a motion for summary judgment. *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.,* 157 Ga. App. 448 (278 SE2d 40) (1981).

2. Freeman contends that he is entitled to the return of his money because the State never filed a condemnation action within 30 days of receipt of notice of the seizure of the money as required by OCGA § 16-13-49 (e). There is no dispute that the State did not comply with OCGA § 16-13-49 (e), but that non-compliance has no bearing on this case. Both the federal government, under 21 USC § 881 et seq., and the State, under OCGA § 16-13-49, had authority to institute a forfeiture proceeding to condemn Freeman's money. Had the State been the entity initiating the forfeiture proceeding, its non-

compliance with OCGA § 16-13-49 (e) would have resulted in a favorable outcome for Freeman. See *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987). However, since the federal government brought the forfeiture proceeding, and not the State, OCGA § 16-13-49 (e) has no application in this case. The trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 24, 1990 —
REHEARING DENIED MAY 15, 1990 —

*William T. Payne*, for appellant.
*Marva Jones Brooks, Overtis H. Brantley, Deborah M. Floyd*, for appellee.