A94A0005. TURNER v. STATE OF GEORGIA.
(444 SE2d 372)

McMURRAY, Presiding Judge.

Appellant Turner is a claimant in this action seeking forfeiture of certain real property pursuant to OCGA § 16-13-49. This appeal is taken from a final order of disposition of the property. *Held*:

1. "This appeal was originally filed in the Supreme Court, which transferred it to this court. The transfer of the case by the Supreme Court to this court is a final determination that no constitutional

question was in fact properly raised or, if so raised, that it was not meritorious. *In the Matter of J. S. S.*, 175 Ga. App. 361, 364 (1) (333 SE2d 417)." *Krause v. Vance*, 207 Ga. App. 615, 622 (19) (428 SE2d 595). Thus, the challenges to the constitutionality of OCGA § 16-13-49 submitted by appellant must be deemed to lack merit.

2. The superior court did not err in determining that the provisions of OCGA § 9-11-55, relating to default judgments, are not applicable to the special statutory procedure created by OCGA § 16-13-49 and at issue in the case sub judice. *Fulton v. State of Ga.*, 183 Ga. App. 570, 572 (359 SE2d 726); *State of Ga. v. Britt Caribe Ltd.*, 154 Ga. App. 476, 477 (268 SE2d 702). Thus, appellant's attempt to assert the provisions of OCGA § 9-11-55, which provide relief to a defendant who has failed to timely file an answer, was properly rejected by the superior court.

3. While appellant did not file an answer within 30 days of service of the complaint in this action, he did file a motion to dismiss the complaint which maintained that the superior court lacked jurisdiction over the subject matter of the action and failed to state a claim upon which relief can be granted. Insofar as the denial of the motion to dismiss is enumerated as error, this issue must be deemed as abandoned since claimant has failed to support this contention with either argument or citation of authority. Court of Appeals Rule 15 (c) (2).

However, we do note that the superior court did not fail to rule on appellant's motion to dismiss. Appellant contends that he was entitled to file an answer after the ruling on this motion and before entry of an order of disposition but has cited no authority, and we find none, supporting this proposition.

Appellant also maintains that the superior court should have found that his motion to dismiss the complaint was a responsive pleading in the nature of an answer. We disagree, since as noted by the superior court in rejecting this proposition, the motion to dismiss did not raise an assertion that the property was not subject to forfeiture as required by OCGA § 16-13-49 (o) (3), nor did the motion to dismiss contain even a general denial of the averments of the allegations of the complaint such as would have satisfied OCGA § 9-11-8 (b).

4. Appellant maintains that there was no lawful forfeiture of the property at issue because the condemnation action was not filed within 60 days following the seizure of the property as required by OCGA § 16-13-49 (h) (2). Cited in support of this contention are *Freeman v. City of Atlanta*, 195 Ga. App. 641, 642 (394 SE2d 784); *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272); and *State of Ga. v. Waters*, 173 Ga. App. 274 (326 SE2d 243) which held (or stated dicta to the effect) that failure to file condemnation actions within the former 30-day time limit, following seizure of the property, precluded

a lawful forfeiture action. However, the change in the time limits was not the only amendment to the applicable portion of the statute. The later of these cases was decided in 1990, while the events at issue in the case sub judice transpired during 1992. In the intervening period the forfeiture statute was rewritten and revised. Ga. L. 1991, p. 886. As amended, the legislature has addressed the consequences of a failure to initiate a forfeiture proceeding within the time allowed by the statute by providing that the "property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section. . . ." OCGA § 16-13-49 (h) (3). Thus, the revision of the statute provides a scheme which supersedes the remedy fabricated by this court in the decisions cited by appellant. This is apparent since the earlier decisions of this court cannot be reconciled with the new statutory provisions.

We also note that appellant's reliance upon *Henderson v. State*, 205 Ga. App. 542 (422 SE2d 666) is misplaced. This case is not relevant since it deals with a different 60-day time limit which is not applicable here due to appellant's failure to file a timely answer.

The statutory revision controls several issues raised by appellant and renders irrelevant the contested question of when the property was seized. Under the revised statutory scheme, appellant's sole remedy for any failure by the district attorney to initiate the present action within 60 days of seizure of the property was to request the return of the property pending further proceeding under the forfeiture statute. Since there is no showing that such a request was made in the case sub judice, any error made by the superior court in determining if or when a seizure of the property had occurred prior to the final order in the forfeiture proceeding was harmless.

5. Appellant's remaining enumerations of error, not being supported by argument or citation of authority, must be deemed abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 11, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*Van C. Wilks*, for appellant.
*Peter J. Skandalakis, District Attorney, A. Thomas Jones, Victoria Aronow, Assistant District Attorneys, Wiggins & Camp, Daniel P. Camp*, for appellee.