A98A1034. CUMMINGS v. THE STATE.
(505 SE2d 73)

JOHNSON, Presiding Judge.

After a jury trial, Calvin Cummings was found guilty of one count each of sale of cocaine and sale of marijuana. He appeals from the convictions entered on the verdicts and the denial of his motion for new trial.

1. Cummings contends the trial court erred in denying his motion for directed verdict of acquittal and in denying his motion for new trial because the evidence was insufficient to authorize the convictions. We hold that the convictions were authorized by the evidence and the trial court, therefore, did not err in denying either motion.

The standard for reviewing the denial of a motion for directed verdict of acquittal when the sufficiency of the evidence is challenged is whether, under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offenses. *Cantrell v. State*, 230 Ga. App. 693, 694-695 (1) (498 SE2d 90) (1998); *Cody v. State*, 222 Ga. App. 468,

470 (1) (474 SE2d 669) (1996). In reviewing the denial of a motion for directed verdict of acquittal, a reviewing court may consider all the evidence in the case, and we must view the evidence in the light most favorable to the verdict. *Covington v. State*, 226 Ga. App. 484 (1) (486 SE2d 706) (1997).

So viewed, the evidence shows the following: An undercover narcotics agent testified that on July 14, 1994, he drove to a car wash and a man approached him. The agent asked the man for a $20 piece of crack cocaine. The man got into the agent's car and instructed him to drive about 100 yards. The man then got out of the car, met with another person, and brought the agent the cocaine, for which the agent paid $20.

On July 22, 1994, the agent returned to the same area and was approached by the same man. They discussed their prior transaction and the agent asked the man for some marijuana. The man replied that he would get the marijuana, then met with another man, returned to the car and informed the agent that the other man was going to get the drugs. The man waited next to the window on the driver's side of the agent's car and chatted with the agent for five or six minutes. The man left again and returned with $40 worth of marijuana, which he sold to the officer. Parts of this transaction were recorded on videotape; the tape was admitted into evidence and shown to the jury. The videotape, which is included in the record on appeal, included several minutes of close-up footage of the seller's face as he stood at the car window.

An investigator with the drug task force testified that on July 14 he was monitoring the activities of the undercover agent via electronic listening devices and driving around in the area. He saw a man standing next to the agent's car at the car wash talking to the agent. The investigator heard the man tell the agent he could take him to get cocaine. The investigator saw them drive a short distance away. When the agent was leaving the area, he radioed a description of the seller to the investigator and later turned the cocaine over to the investigator.

The investigator testified that on July 22, 1994, he listened as the agent was approached by a man. The man discussed their previous sale. He heard the agent ask for marijuana, and the man reply that he had some. As the agent left the area, he gave the investigator a description of the seller by radio and later gave him the marijuana. The investigator testified that he had known Cummings for a few years and recognized him as the seller when he viewed the videotape on July 22. As the evidence was sufficient to authorize the jury to find Cummings guilty of selling cocaine and marijuana beyond a reasonable doubt, the trial court did not err in denying his motions for directed verdict of acquittal and for new trial. See *Lester v. State*, 226

Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

2. Cummings concedes in his brief that he did not object at trial when the investigator identified him as the person shown in the videotape of the marijuana sale. Therefore, his complaint on appeal regarding the admission of that testimony is waived. See *Williams v. State*, 225 Ga. App. 319, 322 (5) (483 SE2d 874) (1997); *Robinson v. State*, 208 Ga. App. 528, 530 (2) (430 SE2d 830) (1993).

3. Cummings claims the trial court erred in admitting an index card containing notes written by the investigator immediately after the transaction. According to Cummings, the notations on the card were hearsay and no proper foundation was laid for the card's introduction. At trial, the investigator who made the notations on the card testified that when the agent bought the drugs, he relayed to the investigator by radio a physical description of the seller. The investigator noted on the card the agent's description of the seller as well as the time and date of the purchase. When the undercover agent gave the investigator the drugs, he placed the index card in the bag with the drugs so as to be able to identify the evidence later. Assuming without deciding the card was improperly admitted, Cummings has neither alleged nor shown harm in its admission. Where there is no harm, there is no basis for reversal. See *Gann v. State*, 190 Ga. App. 82, 84-85 (1) (378 SE2d 369) (1989).

4. Cummings contends the undercover agent's in-court identification of him as the seller was tainted when a show-up was conducted more than two years after the sales took place. Cummings does not elaborate upon or indicate where in the record we might find the circumstances surrounding the show-up procedure, except to say that the show-up was "for the purpose of taking a 'buddy' picture."

"Determination of whether a challenged pretrial identification must be suppressed requires a two-step analysis: first, it must be determined whether the identification procedure was impermissibly suggestive. If the inquiry is answered in the affirmative, then it must be determined whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification, with ensuing harm." (Citations and punctuation omitted.) *Ellis v. State*, 215 Ga. App. 40, 42 (1) (449 SE2d 882) (1994).

The trial court did not err in allowing the in-court identification in this case. First, Cummings has not shown by reference to the record facts establishing exactly what procedure was employed. We will not cull the record on Cummings' behalf in search of error and we will not presume error from a silent record. See *Jacobson v. State*, 201 Ga. App. 749, 751 (3) (412 SE2d 859) (1991); *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463) (1991). Second, even if we were to assume the procedure was impermissibly suggestive, we do not agree that the evidence indicates a substantial likelihood of misiden-

tification. The undercover agent testified that the transactions took place in a well-lit area and that he saw and spoke with Cummings for five to six minutes during each of the transactions. When asked at trial how he distinguished Cummings from other people from whom he bought drugs, the agent replied he remembered Cummings' mannerisms, carriage, physical characteristics, facial expressions and voice. The agent testified that he had been a law enforcement officer for 12 years and was trained to observe people and be able to distinguish them later. When asked at trial if there was any doubt in his mind at the pre-trial identification that Cummings was the person who sold him the drugs, the agent responded that there was none.

The trial court allowed Cummings' attorney to cross-examine the agent regarding his identification of Cummings. It also thoroughly charged the jury regarding identification, what factors the jury should consider in assessing the reliability of an identification, and the jury's responsibility to decide whether the defendant was shown to be the perpetrator beyond a reasonable doubt. Cummings has not asserted on appeal that the trial court erred in its charge to the jury.

Although certainly the better practice would have been to have an identification occur sooner after the crimes, under the totality of the circumstances presented here, the pre-trial confrontation did not give rise to a substantial likelihood of misidentification. See generally *Staten v. State*, 219 Ga. App. 536, 538 (2) (466 SE2d 20) (1995); *Kinsey v. State*, 219 Ga. App. 204, 205-206 (1) (464 SE2d 648) (1995). The trial court was warranted in accepting the agent's in-court identification of Cummings as one based upon a source independent of the show-up; namely, the physical encounters the men had at the time of the crimes. See *Mozier v. State*, 207 Ga. App. 264, 268 (4) (427 SE2d 551) (1993); *Gatling v. State*, 203 Ga. App. 407, 408-409 (2) (416 SE2d 877) (1992).

5. Cummings argues the trial court erred in denying his motion for mistrial after the prosecutor asked the jury to join in on "the war on drugs." This argument is without merit. This Court has held that "[a] prosecutor's comment to jurors that they could take part in the war against drug trafficking by convicting the defendant is not an improper appeal." (Citations and punctuation omitted.) *Emanuel v. State*, 195 Ga. App. 302, 305 (4) (393 SE2d 74) (1990), rev'd on other grounds, 260 Ga. 425 (396 SE2d 225) (1990). Nor does "[a] statement by the prosecutor that drugs are 'killing our society' and pointing out that defendant committed a serious offense" in any way prejudice the defendant's right to a fair trial. (Citation and punctuation omitted.) *McKibbons v. State*, 216 Ga. App. 389, 393 (4) (455 SE2d 293) (1995). More generally, our Supreme Court has held that it is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to stress the need for enforcement of the laws and to

impress upon the jury its responsibility in that regard. See *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996).

Prosecutors are afforded considerable latitude in imagery and illustration in reminding the jury of its responsibility in enforcing the law. *McClain v. State*, 267 Ga. 378, 385 (4) (a) (477 SE2d 814) (1996). Despite Cummings' urging, this Court is neither authorized nor inclined to overrule the well-established legal authority on this issue. The trial court did not abuse its discretion in denying Cummings' motion for mistrial. See generally *Burton v. State*, 225 Ga. App. 217, 218 (2) (483 SE2d 658) (1997).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 10, 1998 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Kevin R. Gough*, for appellant.

*Dupont K. Cheney, District Attorney, Timothy B. Lumpkin, Assistant District Attorney*, for appellee.