A01A0302. GREEN et al. v. STATE OF GEORGIA.
(550 SE2d 736)

JOHNSON, Presiding Judge.

After a bench trial, money found with marijuana in Bart Green's apartment was forfeited to the state. Green claims that the trial court should have suppressed evidence of the money and dismissed the forfeiture action. Contrary to Green's claims, the trial court did not err in refusing to suppress evidence of the money or to dismiss the forfeiture action.

On September 22, 1998, a confidential informant, who had previously given reliable information, contacted a detective with the North Fulton Drug Task Force. The informant told the detective that Green, his neighbor, was in the process of bringing five pounds of marijuana to his own apartment. The detective and other task force officers immediately put Green's apartment under surveillance. They saw Green arrive at the apartment complex, remove a large bag from his vehicle's trunk and take the bag into his apartment.

The officers were still in telephone contact with the informant, who told them that someone would soon arrive to buy one pound of the marijuana from Green. The officers then saw a man identified as Brian Byung Woo arrive and go into Green's apartment. A short time later, Woo left the apartment and appeared to have something stuffed in his pants. The officers stopped Woo and discovered a pound of marijuana hidden in his pants. Woo confirmed that he had bought the marijuana from Green.

The officers also saw Green's girlfriend, Angel Sisson, arrive at and then leave Green's apartment. The officers stopped her and found marijuana in her purse. She later stated that she had gotten the marijuana from Green.

During the surveillance, the officers saw Green going back and forth between his own apartment, number 402, and the confidential informant's apartment, number 400. Believing that Green might

have taken some of the marijuana into the informant's apartment, the officers obtained a search warrant for the informant's apartment.

When the officers executed the warrant, they found Green standing outside of apartment 400. They detained both Green and the informant, handcuffing them and having them sit on the couch in apartment 400. During the search of the informant's apartment, Green verbally consented to a search of his neighboring apartment. He told the officers that he did not want to sit there all night, so they could go ahead and search his apartment.

In addition to Green's consent to a search of his apartment, the officers obtained a search warrant, based on their surveillance information, for apartment 402. Upon searching Green's apartment, the officers found and seized two pounds of marijuana, $24,750 and computer equipment.

The state filed a forfeiture action against the money and the computer equipment. Green moved to suppress the seized items, and the trial court denied the motion. The court eventually entered its judgment that the state must return the computer equipment to Green, but that it may keep the money. Green appeals from the forfeiture of the money, claiming that the trial court should have suppressed the evidence and dismissed the action. Because his claims are without merit, we affirm the judgment of the trial court.

1. Green argues that the trial court erred in not dismissing the forfeiture action because the state violated the 20-day reporting time limit of OCGA § 16-13-49 (h) (1). That Code section provides: "When property is seized pursuant to this article, the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, in writing, within 20 days thereof to the district attorney of the judicial circuit having jurisdiction in the county where the seizure was made." Green's argument pursuant to this Code section is flawed because he has cited no evidence in the record proving that the state did not meet this 20-day reporting time limit. Absent any evidence supporting his claim, we will not presume error from a silent record.[1]

Moreover, even if the state did in fact violate the 20-day limit, Green's remedy would have been the state's release of the money to him, rather than a dismissal of the entire action. Under OCGA § 16-13-49 (h) (3), if the state fails to meet the 20-day reporting time limit, "the property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence." Thus, Green's attempt to have the action dismissed, instead of seeking a timely return of the

---

[1] See *Cummings v. State*, 233 Ga. App. 806, 808 (4) (505 SE2d 73) (1998).

money pending further proceedings, was improper. For the foregoing reasons, we find no error in the trial court's denial of Green's motion to dismiss the forfeiture action.

2. Green contends that the trial court erred in denying his motion to suppress on the ground that he consented to the search of his apartment. He argues that his consent to the search was not voluntary because he was being illegally detained when he gave it.

It is true that in order for a consent to search to be valid, the consent must not be the product of an illegal detention.[2] But contrary to Green's argument, he was not being illegally detained when he gave consent. When executing a search warrant, officers may reasonably detain any person in the place searched in order to protect themselves from attack or to prevent the disposal of things described in the warrant.[3] Here, the officers were executing the search warrant for apartment 400 when they found Green standing near the door of the apartment. Thus, they lawfully detained him while they conducted the search.

The mere fact that Green was being lawfully detained when he gave that consent does not render the consent involuntary.[4] There simply is no evidence that Green consented as the result of coercion, duress or deceit. Rather, the idea that he would consent to a search of his apartment originated with Green himself when he told the officers that they could search his apartment.[5] Under these circumstances, the trial court did not err in finding that Green voluntarily consented to the search of his apartment.

3. Because Green validly consented to the search of his apartment, his remaining arguments concerning the propriety of the search warrant provide no basis for reversing the trial court's denial of his motion to suppress evidence. A valid consent to search eliminates the need for either probable cause or a warrant.[6]

Moreover, even if Green had not consented to the search, it is apparent from the record before us that the drug task force officers had probable cause to suspect that Green had marijuana in his apartment. The information supplied by the confidential informant coupled with the officers' surveillance corroboration of that information, including the discovery of marijuana on two people immediately after they left Green's apartment, provided probable cause to suspect a crime.[7] Thus, the search warrant for Green's apartment, based on

---

[2] *Bowers v. State*, 221 Ga. App. 886, 888 (473 SE2d 201) (1996) (physical precedent).

[3] OCGA § 17-5-28.

[4] See *Noland v. State*, 178 Ga. App. 486, 488 (2) (343 SE2d 763) (1986) (physical precedent).

[5] See id.

[6] *McGaughey v. State*, 222 Ga. App. 477, 479 (474 SE2d 676) (1996).

[7] See *Butler v. State*, 192 Ga. App. 710, 712 (1) (386 SE2d 371) (1989).

the officers' information, was supported by probable cause.[8]
*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 22, 2001 —
RECONSIDERATION DENIED JULY 6, 2001.

*Culp & Smith, John C. Culp*, for appellants.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Gary S. Hulsey, Assistant District Attorneys*, for appellee.

