A01A1901. RIDLEY et al. v. STATE OF GEORGIA.

(560 SE2d 769)

POPE, Presiding Judge.

Andre Edward Weems and Reginald Clyde Ridley appeal the superior court's order of forfeiture regarding certain currency they claim was their property. For the following reasons, we agree with their arguments and reverse.

On November 21, 2000, the State of Georgia filed this in rem forfeiture action under OCGA § 16-12-32, seeking to condemn $1,166 owned by Weems and $944 owned by Ridley. The State claimed that the money was subject to forfeiture because Weems and Ridley had used it in connection with commercial gambling, in violation of OCGA § 16-12-22. The court later allowed the State to orally amend the complaint to include allegations that Weems and Ridley also violated OCGA § 16-12-21.

The court held a forfeiture hearing at which Officers Milliman and Warner of the City of Forest Park Police Department testified regarding the October 17, 2000 incident underlying the complaint. Milliman stated that at about 7:30 p.m. that evening he and Warner arrived at Ridley's house to conduct a search, pursuant to a warrant, and noticed that the garage door to the house was open. Both officers saw that inside the garage a group of men were huddled in a semicircle, facing the wall. Some of the men were kneeling on the floor and some were bent over. Both Milliman and Warner testified that it was apparent that the men were rolling dice.

The officers approached the house, announcing that they were police with a search warrant, and all of the men in the garage began to flee. Ridley jumped the back fence and tried to run, but was apprehended by additional waiting police officers. With the exception of one man who eluded the police, the others stopped after the officers repeatedly told them to stop and get to the ground. After they were on the ground, the police handcuffed the men and patted them down. The pat-downs revealed that the men were carrying large amounts of money in their pockets; moreover, the money the men carried was crumpled, which is indicative of having participated in gambling. The

men were arrested and charged with gambling. Then the officers seized the money from each person and put it into separate evidence bags.

Milliman testified that the $944 which was found on Ridley was seized because the bills were crumpled up, consistent with gambling activity, and because he had observed Ridley engaged in gambling. Milliman also recalled that the officers found one die under the refrigerator in the garage and an opened package of dice in Ridley's car. Warner testified that an additional die was found on the garage floor. Furthermore, the officers located three firearms in the garage and a large amount of money in a trash can.

Another co-defendant testified that Weems was present at Ridley's house the evening of the gambling.

1. In their first enumeration, Weems and Ridley claim that the trial court erred in ordering the forfeiture because the State did not prove that the seizure of the money was reported to the district attorney within ten days as required by OCGA § 16-12-32 (c). At the hearing, Weems and Ridley requested that their money be returned because of the State's failure in this respect.

The facts of this case are jumbled because there is a tremendous discrepancy regarding the date on which the gambling, arrests and property seizures occurred. Neither party addresses the disparate dates or the conflicts created by these differing timetables. The State's complaint alleged that the gambling and ensuing property seizures occurred on October 30, 2000. In his answer, defendant Weems admitted that the relevant date of his seizure and arrest was October 30, 2000. Similarly, in his answer, defendant Ridley also admitted that the date of the seizure and arrest was October 30, 2000. The complaint also alleged that seizure of the subject property was reported to the district attorney's office within ten days of the seizure and that the complaint had been filed within thirty days of this seizure. The complaint did not allege a specific date on which the seizure was reported to the district attorney. Defendants Weems and Ridley generally denied this paragraph of the complaint in their answers.

Despite the representations in the pleadings, the only evidence presented at the forfeiture hearing was that the gambling incident and attendant seizures occurred on October 17, 2000. Both Officers Milliman and Warner testified that the relevant events, including the seizures, occurred on October 17, 2000. Accordingly, the trial court's findings of fact state that the operative date is October 17, 2000; the court does not even mention October 30, 2000.

The State filed its verified complaint for forfeiture on November

21, 2000,[1] more than 30 days after the October 17, 2000 gambling incident, arrests and seizures.

OCGA § 16-12-32 specifically provides for the seizure and disposition of property which is used in or derived from violation of the gambling statutes. OCGA § 16-12-32 (c) provides: "Any such property shall be seized by any peace officer who, within ten days after the seizure of such property, shall report the same to the district attorney of the superior court having jurisdiction in the county where the seizure was made."

Next, OCGA § 16-12-32 (d) provides:

Within 30 days from the date he receives notice of such seizure, the district attorney of said judicial circuit shall cause to be filed in the superior court of the county in which the property was seized an action against the property so seized and any and all persons having an interest in or right affected by the seizure or sale of such property.

OCGA § 16-12-32 (c) triggers the responsibility of the district attorney under OCGA § 16-12-32 (d) to file the forfeiture action within 30 days. Subsection (c) allows the district attorney a small grace period before the clock on the 30 days begins. If more than 30 days have elapsed from the seizure until the filing of the complaint, the State is required to present evidence regarding the date the notice was given to the district attorney to justify the expansion of the 30-day period.

Weems and Ridley correctly argue that the State failed to present any evidence at the hearing regarding the date the district attorney received notice of the seizure. Because the State failed to present evidence of the notice date, there is no evidence in the record that the State complied with the 30-day period allowed for in OCGA § 16-12-32 (d) for filing the forfeiture complaint. In other words, in this case it was necessary that the State present evidence of the date on which the district attorney was given notice in order to have a framework from which to count the 30 days allowed for in OCGA § 16-12-32 (d).

In this regard, the gambling forfeiture statute differs from that for violations of the controlled substances statute, OCGA § 16-13-49. Although the drug forfeiture statute contains a similar provision for notice to the district attorney, OCGA § 16-13-49 (h) (1), the timetable for the filing of the complaint under the drug forfeiture statute is not

---

[1] Five people were named as defendants in the action, in addition to the property. Two of those defendants failed to appear at the hearing, and the court granted the forfeiture as to those individuals. After the hearing, the court found that the evidence against one of the defendants was insufficient; accordingly, it denied the petition as to that defendant.

linked to the reporting of the seizure to the district attorney. In other words, the provisions of OCGA § 16-13-49 (h) (1) and (2) operate independently of each other. Thus, in *Green v. State of Ga.*, 250 Ga. App. 440, 441 (1) (550 SE2d 736) (2001), this court rejected the defendant's argument that the State had violated the reporting time limit under subsection (h) (1) because Green had failed to produce supporting evidence of this claim. Nonetheless, under subsection (h) the reporting requirement was not critical to a determination of whether the complaint was timely filed.

"A condemnation proceeding is a civil action wherein the State must meet its burden of proof by a preponderance of the evidence. [Cit.]" *Bloodworth v. State of Ga.*, 185 Ga. App. 880 (366 SE2d 324) (1988). In this case, by failing to present any evidence of the date on which the seizure was reported, the State failed to carry its burden of proof under OCGA § 16-12-32.

2. Because of our conclusion in Division 1, we will not address the remaining enumerations.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2002.

*Alfred L. King, Jr.*, for appellants.
*Robert E. Keller, District Attorney, Rita B. Lewis, Assistant District Attorney*, for appellee.

