A03A1974. JOHNSON v. STATE OF GEORGIA.
(596 SE2d 693)

ADAMS, Judge.

Danyell Johnson appeals a trial court's decision allowing a forfeiture of his car and $354 because marijuana was found in the car along with the money.

---

The facts are not disputed. On October 8, 2002, a DeKalb County police officer and his police dog responded to a call of possible narcotic activity at 2396 Lynn Iris Drive. Johnson's 1995 BMW was parked on a public street at the location. The dog alerted to the presence of drugs, and the police observed marijuana in the car in plain view. Pursuant to a search warrant, officers recovered eight pounds of marijuana and $354 from the car.

On December 18, 2002, the State submitted a notice of seizure for publication in a local newspaper beginning on December 19, 2002. On January 15, 2003, the State filed a complaint for forfeiture in response to Johnson's claim. In the complaint, the State admitted that on December 19, 2002, it received from Johnson a notice of claim for return of his BMW and the $354. Johnson answered on February 6. On March 18, 2003, the trial court held a bench trial and upheld the seizure.

On appeal, Johnson contends that the trial court's decision must be reversed because it erred by ruling that the State had satisfied the procedural requirements of the forfeiture statute, specifically, the State failed to timely initiate forfeiture proceedings. Johnson does not appeal the court's determinations, among other things, that the car and money were contraband subject to forfeiture because they were used or intended for use to facilitate a violation of the Georgia Controlled Substances Act.

OCGA § 16-13-49 (h) (2) provides that the State is required to initiate forfeiture proceedings within 60 days from the date of seizure. The State admits that it did not do so. OCGA § 16-13-49 (h) (3) provides the sole remedy:

> If the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of an owner or interest holder, *pending further proceedings pursuant to this Code section,* unless the property is being held as evidence.[1]

(Emphasis supplied.)

Thus, Johnson's sole remedy was to request and obtain the property but only "pending further [forfeiture] proceedings." *Turner v. State of Ga.,* 213 Ga. App. 309, 311 (4) (444 SE2d 372) (1994) (sole remedy). Johnson is not entitled to have the forfeiture proceedings dismissed. See *Green v. State of Ga.,* 250 Ga. App. 440, 441-442 (1)

---

[1] There is no contention that the car and money were being held as evidence.

(550 SE2d 736) (2001). Indeed, in 1991, OCGA § 16-13-49 (h) (3) was revised to provide a scheme which superseded this Court's earlier decisions that required dismissal of a forfeiture proceeding if the State failed to initiate the proceeding in a timely manner. See *Turner*, 213 Ga. App. at 311 (4).

Here, although the State failed to timely initiate forfeiture proceedings and failed to return the property in response to Johnson's request, the property was always subject to further forfeiture proceedings. Those proceedings have now taken place, and Johnson has failed to show any harm resulting from the State's failure to timely initiate the proceedings. To reverse, the appellant must show error and harm. *Serchion v. State of Ga.*, 230 Ga. App. 336, 337 (1) (496 SE2d 333) (1998).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2004 — 

*Benjamin A. Davis, Jr.,* for appellant.
Danyell Johnson, *pro se.*
*Jeffrey H. Brickman, District Attorney, Jacqueline S. Hardy, Christy M. Liss, Assistant District Attorneys,* for appellee.