A07A1427. PADGETT v. THE STATE.
(653 SE2d 102)

ADAMS, Judge.

Grady Padgett appeals from his conviction for trafficking in and manufacturing marijuana, arguing that the trial court erred when it denied his motion to suppress. We find no error and affirm.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). As to questions of fact and credibility, however, we construe the evidence most favorably to the upholding of the trial court's findings and

---

[12] (Citation omitted.) *Sparks v. State*, 277 Ga. 72, 75 (3) (586 SE2d 645) (2003).
[13] See *Van Alstine*, supra.
[14] (Citation omitted.) Id.

judgment, which must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewed, the record shows that the narcotics division commander of the Bartow County Sheriff's Office received an anonymous tip that marijuana was being grown at Padgett's residence. The commander realized that his cousin was a neighbor of Padgett and obtained her consent to "see if we could see anything" from her property. The commander then looked through the fence between the properties and saw marijuana plants growing above the brush and hanging inside a shed beside the barn. He then sent two accompanying officers over the fence to check the barn "in case anyone was in there." The officers were cornered by Padgett's dogs before they could reach the barn, however.

In the meantime, the commander and two other officers returned to their patrol cars and drove up Padgett's driveway. As they got out of their cars, the officers could smell green marijuana strongly "enough to water your eyes." The commander approached the front door, saw "stuff" in front of it, and sent his officers around a "wor[n] down" path to the back while he knocked at the front. He received no response. When the other two officers knocked on the back door, one of them saw more marijuana growing behind a silt fence. As this officer looked over the fence to make sure no one was hiding behind it, Padgett came out of the back door onto his porch. The officers handcuffed him and checked the house for other occupants.

The commander then instructed an officer to apply for a search warrant. The affidavit in support of the application averred three facts establishing probable cause: the observation of marijuana from the adjacent property, the smell of marijuana from the driveway, and the observation of marijuana from the back of the house. The magistrate signed the warrant, and the officers later seized 2,146 marijuana plants from the property.

1. Padgett's chief argument is that because the officers illegally searched his property and home, their subsequent seizure of the marijuana plants was also illegal. We disagree.

It is true that police may not make a protective sweep of a house or curtilage without a reasonable and articulable suspicion that an area "may be harboring someone who poses a danger to them." *Kirsche v. State*, 271 Ga. App. 729, 733 (611 SE2d 64) (2005). Pretermitting whether the officers' protective sweeps of the barn and the house were authorized, however, the trial court found that the officers were within their rights when they saw marijuana from the adjoining property, when they smelled marijuana from the driveway, and when they went to both the front and the back doors of the house "in an attempt to make contact with someone." See *State v. Zackery*, 193 Ga. App. 319, 320 (387 SE2d 606) (1989) (officer who is unable to

approach the front door of a residence and tries to knock upon a side door makes a "valid intrusion" upon the property, having taken the same route as a guest would), quoting *State v. Lyons*, 167 Ga. App. 747, 748 (307 SE2d 285) (1983).

Because this finding is not clearly erroneous, we hold that the grounds given in the affidavit supporting the warrant application were "wholly unconnected" with Padgett's arrest and the two protective sweeps, amounting instead to an "independent source" for the seizure of the evidence at issue. See *Mack v. State*, 189 Ga. App. 261, 262-263 (1) (375 SE2d 458) (1988) (trial court properly denied motion to suppress when officers arrested a woman in possession of a bag of cocaine, conducted a "cursory" search of the house she had driven from, and then waited for the arrival of a warrant before seizing evidence from the latter house).

2. Padgett's remaining assertions are moot.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2007 ▮▮▮▮▮▮▮▮▮▮

*Cook & Connelly, Rex B. Abernathy*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Gary D. Bergman, Assistant District Attorneys*, for appellee.