A07A2233. PADGETT v. STATE OF GEORGIA.
(656 SE2d 233)

RUFFIN, Judge.

Grady James Padgett appeals the forfeiture of his interest in real property where he grew marijuana.[1] He argues that the real property

---

[20] See *Marshall v. State*, 253 Ga. App. 645, 646 (560 SE2d 118) (2002).

[21] See *Williams v. State*, 254 Ga. App. 8, 12 (3) (a) (561 SE2d 149) (2002).

[1] Padgett was convicted of trafficking in and manufacturing marijuana; these convictions were upheld on appeal. See *Padgett v. State*, 287 Ga. App. 789 (653 SE2d 102) (2007).

should not have been subject to forfeiture because the State did not list the real property in the initial report of seizure made the same day a search warrant was executed at the property, and that the underlying search and seizure were unconstitutional. For reasons that follow, we affirm.

On appeal from a civil forfeiture proceeding, we construe the evidence in a manner that supports the judgment below.[2] The record in this case shows that on October 22, 2004, law enforcement officers executed a search warrant at real property owned in part by Padgett. As a result, Padgett was charged with trafficking in and manufacturing marijuana.[3] The same day, the Bartow County Sheriff's Office filed a request for condemnation that listed personal property seized by the sheriff's office, as well as $574 in United States currency. All of the items listed had been taken into the custody of the sheriff's office. The real property was not included as an item seized in the request for condemnation.

On December 8, 2004, the State filed a complaint seeking forfeiture of both the real property and the items listed in the request for condemnation. After Padgett was found guilty of trafficking in and manufacturing marijuana in August 2006 and his motion for new trial was denied, a hearing was held on the forfeiture petition. The trial court granted the forfeiture, and Padgett appeals.

1. Padgett contends that the trial court erred in forfeiting the real property when the State failed to report the seizure of the real property within 20 days, in accordance with OCGA § 16-13-49 (h). The interpretation of a statute is a question of law, and on appeal we conduct a de novo review of the trial court's findings.[4] The relevant statute provides as follows:

(1) When property is seized pursuant to this article, the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, in writing, within 20 days thereof to the district attorney of the judicial circuit having jurisdiction in the county where the seizure was made.

(2) Within 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection (n), (o), or (p) of this Code section.

---

[2] See *Walker v. State of Ga.*, 281 Ga. App. 526 (636 SE2d 705) (2006).

[3] Law enforcement officers found between 1,200 and 1,500 pounds of marijuana on the property with an estimated street value of $1,500 to $2,000 a pound.

[4] See *State of Ga. v. Howell*, 288 Ga. App. 176 (653 SE2d 330) (2007).

(3) If the [S]tate fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence.[5]

Pretermitting whether the real property was "seized" within the meaning of the statute and thus is subject to the 20-day reporting requirement, Padgett is not entitled to a reversal of the forfeiture. Even if the 20-day reporting requirement is applicable, Padgett's remedy under the statute for a violation of the requirement would have been the release of the real property to him pending further forfeiture proceedings and not the dismissal of the entire action.[6] Here, it appears that Padgett remained in possession of the property until the resolution of the forfeiture proceeding. Accordingly, we affirm the trial court's forfeiture of the real property.[7]

2. We need not address Padgett's second enumeration of error, as we have already considered his challenge to the search and seizure in the appeal from his criminal convictions.[8]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2008.

*Cook & Connelly, Rex B. Abernathy*, for appellant.
*T. Joseph Campbell, District Attorney, Gary D. Bergman, Assistant District Attorney*, for appellee.

---

[5] OCGA § 16-13-49 (h).

[6] See *Green v. State of Ga.*, 250 Ga. App. 440, 441 (1) (550 SE2d 736) (2001); see also *Johnson v. State of Ga.*, 266 Ga. App. 171, 172 (596 SE2d 693) (2004); *Turner v. State of Ga.*, 213 Ga. App. 309, 310-311 (4) (444 SE2d 372) (1994).

[7] See *Johnson*, supra; *Turner*, supra at 311.

[8] See *Padgett*, supra.