### A10A0191. SMITH v. STATE OF GEORGIA.
(690 SE2d 208)

ELLINGTON, Judge.

The State of Georgia filed this forfeiture action in the Superior Court of Newton County against certain property including a 2002 Chevrolet Impala owned by T'Shovie Smith. In Smith's answer, he moved to dismiss the action, asserting that the State failed to file the complaint within the time allowed. After a hearing, the trial court denied Smith's motion to dismiss and declared the car forfeited to the State. Smith appeals, contending the trial court erred in failing to dismiss the action pursuant to OCGA § 16-13-49 (n) (5), given the fact that the State failed to file the forfeiture complaint within 30 days after it received his claim for the car. For the reasons explained below, we affirm.

Pursuant to OCGA § 16-13-49 (d) (2), any "property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of [the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq.] or any proceeds derived or realized therefrom" is contraband that can be forfeited to the State. OCGA § 16-13-49 (h) (2) provides, in pertinent part, that when the State seizes such contraband it "shall . . . initiate[ ]" a complaint for forfeiture "[w]ithin 60 days from the date of seizure" under one of three subsections, (n), (o), or (p). Generally, subsection (p) provides for in personam proceedings against the owner or an interest holder of the contraband, and subsection (o) provides for in rem proceedings directly against the contraband.

The State's third option, under subsection (n), is a more streamlined "administrative" procedure for personal property valued at $25,000 or less. *State of Ga. v. Howell*, 288 Ga. App. 176, 177-178 (1) (653 SE2d 330) (2007). Under OCGA § 16-13-49 (n), the district attorney must notify owners and interest holders and publish a notice that the property has been seized and is subject to forfeiture. If no claim is filed in a timely fashion,[1] the property is automatically forfeited to the State with no further procedure required.

---

[1] See OCGA § 16-13-49 (n) (3) ("The owner or interest holder may file a claim within 30 days after the second publication of the notice of forfeiture by sending the claim to the seizing law enforcement agency and to the district attorney by certified mail or statutory overnight delivery, return receipt requested."); *Weaver v. State of Ga.*, 299 Ga. App. 718, 721 (3) (683 SE2d 361) (2009) (OCGA § 16-13-49 (n) (5) applies only if a claim is timely filed.); see also

OCGA § 16-13-49 (n) (6); *State of Ga. v. Howell*, 288 Ga. App. at 177-178 (1). Thus, in those cases where the State complies with the notice provisions of subsection (n) *and* no one files a proper and timely claim, the requirement that the State file a complaint is never triggered. OCGA § 16-13-49 (n) (5) provides, on the other hand, that "[i]f a claim is filed, the district attorney shall file a complaint for forfeiture as provided in subsection (o) or (p) of this Code section within 30 days of the actual receipt of the claim." Thus, when the State elects to initiate proceedings under subsection (n), and an owner or interest holder then files a timely and proper claim for the property, this triggers the need for either the full in rem procedure provided in subsection (o) or the full in personam procedure provided in subsection (p). *State of Ga. v. Howell*, 288 Ga. App. at 178 (1).

In this case, the State seized Smith's car on September 12, 2008, and elected to proceed under subsection (n) for forfeiture. Smith filed a notice of claim on February 24, 2009; the State received it on February 27. As a result, the State was required to file a complaint for forfeiture as provided in subsection (o) or (p) by March 30, 2009. The State did not file such a complaint, however, until April 9, 2009.

Although the undisputed facts showed that the State failed to file a complaint within 60 days of seizure, as required by OCGA § 16-13-49 (h) (2), and also failed to file a complaint within 30 days of receiving Smith's claim, as required by OCGA § 16-13-49 (n) (5), the trial court determined that the sole remedy for untimely filing by the State is the return of the contraband pending further forfeiture proceedings, citing OCGA § 16-13-49 (h) (3). In pertinent part, OCGA § 16-13-49 (h) (3) provides:

> If the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraph[ ] . . . (2) of this subsection, the property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence.[2]

---

OCGA § 16-13-49 (n) (4) (Among other requirements, a claim must identify the specific provision of the Code section relied on in asserting that the property is not subject to forfeiture and all essential facts supporting each assertion.); *Germain v. State of Ga.*, 269 Ga. App. 846, 847-848 (605 SE2d 441) (2004) (OCGA § 16-13-49 (n) (5) applies only if a claim is filed that gives essential facts as to where, how, and from whom the seized property was obtained; a claim that merely asserts that the property was not used or intended for use in violation of Georgia's anti-drug statutes is "factually deficient.").

[2] We note that OCGA § 16-13-49 (h) (3) also addresses the State's failure to timely comply with subparagraph (1), which is not at issue in this case. See OCGA § 16-13-49 (h) (1) ("When property is seized pursuant to this article, the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, in writing, within 20 days thereof to the

The trial court further determined that "no useful purpose would be served by returning the property to the claimant at the hearing since the hearing on the merits of the claim was in progress and a final decision would be made at its conclusion."

Smith contends that, because subsection (n) by its plain terms mandates that the State "shall file" the complaint within 30 days after receiving his claim, the State's late filing precludes forfeiture of his car. He argues that the trial court erred in "lifting the language out of (h) (3) and adding it into section (n)." We disagree. Before the General Assembly amended the forfeiture statute in 1991 to add subsection (h) (3),[3] Georgia courts were required to dismiss forfeiture actions if the State failed to initiate a forfeiture proceeding within the time allowed by the statute.[4] In the 1991 amendment, the General Assembly addressed the consequences of the State's failure to initiate a forfeiture proceeding within the time allowed, by providing in OCGA § 16-13-49 (h) (3) that in such a case the property must be released on the request of an owner or interest holder, pending further forfeiture proceedings. *Turner v. State of Ga.*, 213 Ga. App. 309, 311 (4) (444 SE2d 372) (1994) (affirming forfeiture regardless of whether the district attorney failed to initiate the action within 60 days of seizure of the property as required). Thus, a claimant is no longer entitled to have forfeiture proceedings dismissed for the State's failure to initiate forfeiture proceedings within 60 days from the date of seizure. *Johnson v. State of Ga.*, 266 Ga. App. 171, 173 (596 SE2d 693) (2004) (affirming forfeiture even though the State failed to initiate the action within 60 days of seizure of the property as required). Instead, the claimant's "sole remedy" is "to request and obtain the property but only pending further forfeiture proceedings." (Citation and punctuation omitted.) Id. at 172.

We conclude that OCGA § 16-13-49 (h) (3) also limits a claimant's remedy to return of the property pending further forfeiture

---

district attorney of the judicial circuit having jurisdiction in the county where the seizure was made.").

[3] Ga. L. 1991, p. 886, § 1.

[4] See, e.g., *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987) (the requirement that the State initiate forfeiture proceedings within 30 days of receiving notice of the seizure was mandatory, and the State's failure to comply prevented forfeiture); *State of Ga. v. Ellis*, 156 Ga. App. 779 (1) (275 SE2d 361) (1980) (accord). See OCGA § 16-13-49 (z) ("This Code section must be liberally construed to effectuate its remedial purposes."); *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993) ("Because it is a special statutory proceeding, we are required to strictly construe the forfeiture statute[,]" but the strict construction of the forfeiture statute must comport with its remedial purpose.); *State of Ga. v. Howell*, 288 Ga. App. at 178 (1) (The remedial purposes of the forfeiture statute are "(1) the prompt disposition of property subject to forfeiture under the statute; and (2) the protection of property interests of innocent owners, as defined by the statute.") (citation and punctuation omitted).

proceedings in a case where the State fails to file a complaint within 30 days after receiving a claim as required under OCGA § 16-13-49 (n) (5). We find no basis for concluding that the General Assembly intended to prohibit the dismissal of forfeiture actions in cases where the State proceeds directly under subsection (o) or (p) but to allow dismissal where the State first opts for the less formal administrative procedure under subsection (n). Smith did not pursue his only available remedy. The trial court did not err in denying Smith's motion to dismiss the forfeiture complaint.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 6, 2010.

*Banks & Riedel, Jeffrey S. Banks*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Anthony C. Lee Hing, Assistant District Attorney*, for appellee.