**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 3, 2015**

# In the Court of Appeals of Georgia

A15A1620. STATE OF GEORGIA v. BROOKS.                        DO-079

DOYLE, Chief Judge.

The State appeals from the trial court's order granting John Henry Brooks's motion to dismiss the State's forfeiture proceeding based on untimely filing of the proceeding under OCGA § 16-13-49. The State contends that the trial court erred by granting the motion to dismiss because under OCGA § 16-13-49 (n), it was unnecessary for the State to commence forfeiture proceedings within 60 days of the seizure. For the reasons that follow, we vacate and remand for further proceedings.

The record shows that on February 4, 2014, the Chatham-Savannah Counter Narcotics Team arrested Brooks for possession of marijuana and seized from him $4,986 in U.S. currency. On June 26, 2014, the State proceeded under OCGA § 16-13-49 (n) to initiate forfeiture proceedings by posting a notice of seizure in the

Chatham County courthouse, publishing a notice of seizure in the Savannah Morning News, mailing a certified letter to Brooks, and personally serving Brooks on June 30, 3014.

On July 22, 2014, Brooks's attorney sent a letter to the State claiming that because it failed to commence the non-judicial forfeiture within the statutorily required 60 days of seizure, then the property must be released to him. On August 20, 2014, the State filed a "Motion to Strike Claim and Motion for Default Order of Forfeiture and Distribution of Property," claiming that Brooks's letter failed to comply with the requirements of filing a claim under OCGA § 16-13-49 (n) (4), and therefore, it was ineffective to trigger the requirements of OCGA § 16-13-49 (n) (5) pursuant to which the State must file a complaint for forfeiture within 30 days of receipt of such a claim.

In response to the State's Motion to Strike, Brooks filed a "Motion to Dismiss/Motion for Return of Property." Brooks again argued that because the State failed to commence the forfeiture proceeding within 60 days of the seizure as required under OCGA § 16-13-49 (h) (2), the proceeding was untimely and the property must be returned to him.

"Our analysis is governed by the laws of statutory construction. The interpretation of a statute is a question of law, which we review de novo on appeal."[1]

Pursuant to OCGA § 16-13-49 (h) (2) "[w]ithin 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection (n), (o), or (p) of this Code section." And under OCGA § 16-13-49 (n)

[i]f the estimated value of personal property seized is $25,000.00 or less, the district attorney may elect to proceed under the provisions of this subsection in the following manner: (1) [n]otice of the seizure of such property shall be posted in a prominent location in the courthouse of the county in which the property was seized. Such notice shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture, a statement that the owner of such property has 30 days within which a claim must be filed, and the violation of law alleged; (2) [a] copy of the notice, which shall include a statement that the owner of such property has 30 days within which a claim must be filed, shall be served upon an owner, interest holder, or person in possession of the property at the time of seizure as provided in subsection (i) of this Code section and shall be published for at least three successive weeks in a newspaper of general circulation in the county where the seizure was made; (3) [t]he owner or interest holder may file a claim within 30 days after the second publication of the notice of forfeiture. . . .

---

[1] (Punctuation omitted.) *Weaver v. State*, 299 Ga. App. 718, 721 (2) (683 SE2d 361) (2009).

OCGA § 16-13-49 (n) (5) explains that "[i]f a claim is filed, the district attorney shall file a complaint for forfeiture as provided in subsection (o) or (p) of this Code section within 30 days of the actual receipt of the claim . . ."

Despite the State's argument that it was not required to file its forfeiture proceeding within 60 days, it was required to do so under the plain language of OCGA § 16-13-49 (h) (2). Nevertheless, even when a OCGA § 16-13-49 (n) forfeiture proceeding is initiated beyond the 60-day period, this Court has explained that the appropriate remedy is not dismissal of the State's complaint for forfeiture.[2] In *Johnson v. State of Ga.*, this Court explained that even when the State admits to untimely initiation of a forfeiture,

> OCGA § 16-13-49 (h) (3) provides the sole remedy: If the [S]tate fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of an owner or interest holder, *pending further proceedings pursuant to this Code section*, unless the property is being held as evidence. Thus, [Brooks]'s sole remedy was to request and obtain the property

---

[2] See *Johnson v. State of Ga.*, 266 Ga. App. 171, 172-173 (596 SE2d 693) (2004).

4

*but only pending further forfeiture proceedings*. [Brooks] is not entitled to have the forfeiture proceedings dismissed.[3]

Accordingly, we vacate the trial court's order granting Brooks's motion to dismiss, and we remand this case for further proceedings pursuant to OCGA § 16-13-49.

*Judgment vacated and remanded. Phipps, P. J., and Boggs, J., concur.*

---

[3] (Punctuation omitted; emphasis in original and supplied.) Id. See also *Turner v. State of Ga.*, 213 Ga. App. 309, 310-311 (4) (444 SE2d 372) (1994) (explaining the impact of 1991 amendment to the forfeiture statute). Compare with *Williams v. State*, 302 Ga. App. 617 (691 SE2d 385) (2010) (failure to hold a hearing within 60-day period following the State's filing of a forfeiture complaint results in mandatory dismissal of the complaint absent good cause).