A95A1996. JARRETT et al. v. STATE OF GEORGIA.
(472 SE2d 315)

McMURRAY, Presiding Judge.

On December 8, 1994, the State filed an in rem forfeiture complaint, pursuant to OCGA § 16-13-49, seeking to forfeit property that was seized by law enforcement officers after Larry Jarrett was arrested and charged with possession of methamphetamine with intent to distribute, possession of amphetamine, two counts of possession of illegal firearms, possession of a vehicle with an altered vehicle identification number and possession of dangerous drugs.[1] The State requested (in its prayer for relief) that, "in the event no claimant files an answer in accordance with the specific statutory requirements of OCGA § 16-13-49 (o) (3), that the Court order the immediate disposition of the seized and forfeited property in accordance with subsection (o) (4)."

---

[1] The property that was seized and allegedly acquired via illegal means or used to facilitate Larry Jarrett's illegal activities includes 52 motor vehicles, 27 firearms, over 220 articles of personal property, over $70,000 in United States currency, several checks and several bank accounts. Four tracts of land are listed in the style of the forfeiture complaint.

Claimants Larry Jarrett, Wyman Jarrett and Karen Kramer were personally served with the forfeiture petition on December 9, 1994, and claimant Steve Blalock was served with the forfeiture petition on December 22, 1994, via publication pursuant to OCGA § 16-13-49 (o) (2) (B). On January 3, 1995, claimants each filed an answer to the petition for forfeiture.

On January 24, 1995, the State filed motions for judgment of forfeiture and disposition of property, asserting that claimants' answers did not satisfy the specific pleading requirements of OCGA § 16-13-49 (o) (3) and that, since the time for filing an appropriate answer expired, disposition of the seized property must be ordered pursuant to OCGA § 16-13-49 (o) (4). Thereafter, the State agreed with claimants to continue the hearing on this motion from February 1, 1995, to April 3, 1995. In the meantime, however, claimants each filed, on February 27, 1995, an amended answer to the forfeiture complaint. The State responded on March 23, 1995, with motions to dismiss the amended answers, pointing out that the amended answers filed by claimants Larry Jarrett, Wyman Jarrett and Kramer were filed 81 days after they were served and that claimant Blalock's amended answer was filed 67 days after he was served with the forfeiture complaint.

After a hearing, the trial court entered an order (which includes detailed findings of fact and conclusions of law) granting the State's motions for judgment of forfeiture and disposition of property and motions to dismiss the amended answers. This appeal followed. *Held*:

1. Claimants contend that answers to forfeiture petitions are governed by the Civil Practice Act and that, as such, substantial compliance with the pleading requirements of OCGA § 16-13-49 (o) (3) is all that is required. Claimants then go on and assert that the answers they filed within 30 days after service of the State's forfeiture petition substantially complied with the pleading requirements of OCGA § 16-13-49 (o) (3). This contention is without merit.

"It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements. *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981); *Bragg v. Bragg*, 225 Ga. 494, 495 (170 SE2d 29) (1969)." *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76). Further, failure to comply with the strict pleading requirements prescribed in OCGA § 16-13-49 (o) (3) when answering an in rem forfeiture petition is equivalent to filing no answer at all. See *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b), supra. In the case sub judice, we have carefully examined the claimants' answers and find that none was filed in compliance with the specific pleading requirements of subsections (D),

(E) and (F) of OCGA § 16-13-49 (o) (3). Specifically, the answers fail to set forth the date, identity of transferor and circumstances of the claimants' interests in the property and fail to set forth the specific provision of OCGA § 16-13-49 relied on in asserting that the property is not subject to forfeiture, with all essential facts supporting each such assertion. Further, the answers were neither verified "under penalty of perjury" as required by OCGA § 16-13-49 (o) (3), nor set forth any address at which the claimants will accept mail in compliance with OCGA § 16-13-49 (o) (3) (B). The answers only included the address of claimants' attorneys. Thus, claimants' first pleading that claimants filed in response to the State's forfeiture petition amounted to no answers at all. *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b), supra.

2. Alternatively, claimants contend that their amended answers complied with OCGA § 16-13-49 (o) and related back to their first answers so as to resurrect their claims. This argument is without merit. "If at the expiration of the period set forth in paragraph (3) of this subsection no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section." OCGA § 16-13-49 (o) (4).

The trial court did not err in granting the State's motions for judgment of forfeiture and disposition of property and motions to dismiss the amended answers.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 11, 1996 —

*Greer, Klosik & Daugherty, John F. Daugherty, Deborah M. Carter*, for appellants.

*Michael J. Bowers, Attorney General, Lance K. Hiltbrand*, for appellee.