A97A0693. ROBERTS v. STATE OF GEORGIA.
(487 SE2d 667)

ANDREWS, Chief Judge.

Miller Roberts appeals the trial court's order granting the State a judgment of forfeiture. Roberts contends the trial court erred in finding his claim to the seized property failed to satisfy the forfeiture statute's strict pleading requirements. We disagree and affirm the judgment of the trial court.

This case arose when officers executing a search warrant seized two grams of cocaine, money, guns, ammunition, scales, razor blades, and a cellular phone from a bedroom in the house where Roberts lived. The State filed a Notice of Seizure pursuant to OCGA § 16-13-49 (n), and Roberts filed a claim to three items of seized property: $9,050 in currency, a Smith & Wesson .38 caliber handgun, and a cellular phone. The State filed a motion for judgment of forfeiture, asserting that Roberts' claim failed to satisfy the strict pleading requirements of OCGA § 16-13-49 (n) (4).

The trial court found the claim was insufficient and granted the State's motion for judgment of forfeiture. The court also found that an Amended Claim filed on July 5, 1996, was untimely. This appeal followed.

Under OCGA § 16-13-49 (n) (4) the claimant's pleadings must satisfy seven requirements by setting forth the caption of the proceedings, the address at which the claimant will accept mail, the nature and extent of the claimant's interest in the property, the date, identity of the transferor, and circumstances of the claimant's interest in the property, the specific provision of the Code section relied on in asserting the property is not subject to forfeiture, all essential facts supporting each assertion, and the precise relief sought. OCGA § 16-13-49 (n) (4). Failure to comply with the strict pleading requirements prescribed in this Code section is equivalent to filing no answer at all. *Tuggle v. State of Ga.*, 224 Ga. App. 353 (480 SE2d 353) (1997); *Jarrett v. State of Ga.*, 220 Ga. App. 559, 560 (472 SE2d 315) (1996).

Roberts stated the nature and extent of his interest in the property and the date, identity of the transferor and circumstances of his acquisition of the property as follows: "(1) He is the lawful owner of the United States Currency, having earned it during a lifetime of legitimate employment; (2) He is the lawful owner of the Smith & Wesson Handgun, having purchased it in 1968, or thereabouts, and

having registered it with the authorities; (3) One Air Touch Cellular Telephone, . . . purchased from South Mobility several years ago." In the section purporting to state all essential facts supporting each assertion, Roberts wrote the following: "The officers who seized Claimant's property did so feloniously and without any basis therefor. The seizure was in violation of the Supreme Court's rationale in *One Plymouth Sedan v. Pennsylvania*, 380 U. S. 693 (1965).

"These cops are notorious for exceeding the permissible bounds of search warrants and for using a seemingly precise warrant as a passkey to enter a citizen's home, after which they embark on a general search for anything and everything they can carry off.

"While these guys are not felons in the conventional sense, they are soldiers enlisted in what is euphemistically called 'the war against drugs.'"

1. The trial court correctly granted the State's motion for judgment of forfeiture. In *Tuggle,* a similar case, the claimant filed an answer in which he claimed the currency seized was money saved by the Claimant from numerous jobs that he had held. *Tuggle*, supra at 355. We found this answer to be insufficient because it failed to provide sufficient details about the alleged jobs, such as the names of his employers, the dates he worked, the nature of his duties, and other specific facts that would support the claim. Id.

Similarly, Roberts' answer fails to give sufficient facts, not only as to how he got the money, but also as to his acquisition of the gun and phone. As set out above, Roberts' claim does not even attempt to comply with OCGA § 16-13-49 (n) (4) (F) which requires a claimant to set forth "[a]ll essential facts supporting each assertion." Because Roberts asserted no facts in support of his alleged innocent ownership, the trial court did not err in dismissing his claim. See *Jackson v. State of Ga.*, 218 Ga. App. 437, 439 (461 SE2d 594) (1995).

2. Roberts filed an Amended Claim on July 5, 1996. The trial court dismissed the Amended Claim, finding it was untimely.[1] The trial court relied on *Jarrett v. State of Ga.*, supra, which held that an Amended Claim filed after the 30-day deadline did not relate back to the first answer so as to resurrect the claims. Id. at 561. Accordingly, the trial court dismissed the claim pursuant to OCGA § 16-13-49 (n) (6).[2]

---

[1] Roberts does not dispute the court's finding that the Amended Claim was untimely. OCGA § 16-13-49 (n) (6) provides that a claim must be filed within 30 days after the second publication of the notice of forfeiture. Here, the second date of publication was April 25, 1996.

[2] OCGA § 16-13-49 (n) (6) is substantially the same as OCGA § 16-13-49 (o) (4). Although *Jarrett* was a case decided under OCGA § 16-13-49 (o), this Court has held that the pleadings and procedure under OCGA § 16-13-49 (n) are analogous to the procedure in OCGA § 16-13-49 (o). See, e.g., *Jackson v. State of Ga.*, supra at 438-439.

Although Roberts enumerates as error the trial court's dismissal of his Amended Claim, he does not contend on appeal that the trial court misapplied *Jarrett* nor does he advance any other argument in support of this enumeration. In any event, the holding in *Jarrett* controls this issue. This enumeration of error is without merit.

3. Lastly, Roberts argues the trial court's dismissal of his Claim and Amended Claim violates his due process rights. But, he makes no argument and cites to no authority on this issue. Accordingly, it is deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 13, 1997.
Before Judge Mallis.
*Herbert Shafer*, for appellant.
*J. Tom Morgan, District Attorney, Carol M. Kayser, Stephen D. Sencer, Assistant District Attorneys*, for appellee.

