A98A0377. SERCHION v. STATE OF GEORGIA.
(496 SE2d 333)

BIRDSONG, Presiding Judge.

William Serchion appeals the final order of forfeiture entered by the superior court directing the forfeiture and sale of his 1989 conversion van, which had been seized by the Atlanta Police Department pursuant to OCGA § 16-13-49. Appellant enumerates two errors. *Held*:

1. The trial court did not err by failing to dismiss the State's notice of seizure on the grounds the notice failed to comply with OCGA § 16-13-49 (n) (1) and (2). Appellant contends that the State's notice was deficient as it failed to expressly inform appellant, in accordance with the provisions of OCGA § 16-13-49 (n) (1) and (2), of the 30-day period within which a claim must be submitted. Pretermitting the questions whether the notice was in substantial compliance with the forfeiture statute (see generally *McMichen v. State of Ga.*, 209 Ga. App. 169, 170 (1) (433 SE2d 92)), and whether the notice is deficient is the question whether any error would require case reversal under the attendant circumstances.

Although OCGA § 16-13-49 (n) (1) and (2) provide that the notice shall inform the owner of the seized property that he has 30 days in which to file a claim, OCGA § 16-13-49 (n) (3) and (6) clarify that the owner or interest holder may file a timely claim within 30 days after the second publication of the notice of forfeiture. See *Roberts v. State of Ga.*, 226 Ga. App. 824, 825 (2), n. 1 (487 SE2d 667). Any claim duly filed in accordance with the 30-day period specified in OCGA § 16-13-49 (n) (3) would be timely. The State's notice was filed on July 22, 1996; notice of forfeiture was published for three consecutive weeks commencing on August 1, 1996, and ending on August 15, 1996. Appellant filed his claim on August 22, 1996. On September 23, 1996, the State filed a motion for judgment of forfeiture and disposition of property and to stay further proceedings contending that appellant's answer failed to satisfy the pleading requirements of OCGA § 16-13-49 (n) (4). In granting the State's motion for judgment of forfeiture the trial court tacitly found that appellant's initial answer was timely filed; but it expressly found the answer was deficient in that it failed to comply with the strict pleading requirements of OCGA § 16-13-49 (n) (4) (D). The trial court correctly concluded that appellant's initial answer on August 22, 1996, was timely, it having been duly submitted within 30 days of the second publication of the State's forfeiture

notice. Appellant's claim was not held untimely, and the contents of his initial answer were considered by the trial court in determining whether it complied with the requirements of OCGA § 16-13-49 (n) (4). Thus, appellant has failed to show how he has been harmed by any error resulting from the State's mere recitation in its forfeiture notice of the applicable Code section for filing answers, without also expressly informing appellant of the 30-day period contained within that same Code section for the submission of claims. Cf. *Tant v. State*, 247 Ga. 264, 266 (275 SE2d 312) (the fact that the owner had adequate notice and opportunity for hearing was apparent from his timely filing of a response to the automobile condemnation proceedings and his oral testimony at the hearing). To obtain reversal on appeal both error and harm must be shown (see generally *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901)); this appellant has failed to do.

On October 24, 1996, claimant filed an amendment to answer of claimant. The trial court correctly concluded that appellant's amendment to answer, filed long after the statutory 30-day period had expired for the submission of claims, did not relate back to cure deficiencies in the claim submitted in the initial answer. See *Roberts*, supra at 825 (2), n. 2; *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (2) (472 SE2d 315); but compare *Lee v. State of Ga.*, 225 Ga. App. 733 (484 SE2d 777) (an amendment merely to correct a mistake should be allowed). As appellant has failed to contend on appeal that failure to notify him expressly of the 30-day claim period caused his amendment to answer to be submitted untimely or that it was error not to consider this amendment in determining whether his initial answer was deficient, these issues are abandoned and not preserved for appellate review. *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 158 (1) (447 SE2d 122).

2. Appellant contends the trial court erred by holding appellant's answer did not comply with OCGA § 16-13-49 (n) (4) (D). Failure to comply with the strict pleading requirements prescribed in OCGA § 16-13-49 (n) (4) " 'when answering an in rem forfeiture petition is equivalent to filing no answer at all.' " *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355 (1) (480 SE2d 353). OCGA § 16-13-49 (n) (4) pertinently provides: "The claim must be signed by the owner or interest holder under penalty of perjury and must set forth: . . . (D) The date, identity of the transferor, and circumstances of the claimant's acquisition of the interest in the property." In holding that appellant's answer failed to comply with the pleading requirements of OCGA § 16-13-49 (n) (4) (D), the trial court concluded: "[Appellant] does not provide an exact date of his alleged purchase of the van, but merely states that he acquired the vehicle in 'approximately October 1995.' More significantly, he does not identify the transferor, as required by

338

the statute. Instead, he alludes vaguely to a 'car lot on Thornton Road.' Finally [appellant] completely ignores the statutory command to set forth 'the circumstances of the claimant's acquisition of the interest in the property.' [Appellant] does not provide *any* facts concerning the circumstances of the acquisition of his van, such as purchase price, whether the vehicle was financed, or the purpose for which it was purchased. [Appellant's] [a]nswer simply does not constitute a reasonable attempt to comply with the statute."

"[T]he pleadings and procedure under OCGA § 16-13-49 (n) are analogous to the procedure in OCGA § 16-13-49 (o)," *Roberts*, supra at 825 (2), n. 2, and, contrary to appellant's contention, the weight to be given to deficiencies in pleadings under the former statutory provision is no less than the weight given to deficiencies under the latter. Thus, the sufficiency of pleadings under OCGA § 16-13-49 (n), like pleadings submitted under OCGA § 16-13-49 (o), "must be judged in light of the specific statutory requirements" pertaining thereto. See *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76). Forfeiture proceedings under OCGA § 16-13-49 constitute a legitimate civil sanction; while it is true that the statute has punitive aspects, its purposes are remedial by its express terms. *Murphy v. State*, 267 Ga. 120, 121 (475 SE2d 907). In this regard, the statute serves various nonpunitive goals, among them, rendering illegal behavior nonprofitable and ensuring that persons do not profit from their illegal acts. Id. Other nonpunitive goals include the removal from circulation of forbidden merchandise and firearms unlawfully used or intended for illegal use (id.), and all property declared to be contraband pursuant to OCGA § 16-13-49 (d). In fulfilling these broad nonpunitive goals, it was the legislative intent to enact a forfeiture statute which would "provide for the prompt disposition of property subject to forfeiture" and would "protect the interests of innocent property owners." *Alford*, supra at 245 (2) (b). To fulfill this intent, a balance was struck whereby the burden would *not* be placed upon the State of conducting time-consuming discovery "to determine not only the claimant's standing and interest in the property but also that of any other interested party." Id. at 246. Rather, the burden was "placed upon a claimant to make specific legal and factual assertions in support of and ultimately to prove [the] required elements of innocent ownership." Id. Thus, not only must the claimant provide enough information to assure some degree of legitimacy to the claim, he must strictly comply with and provide, with the required particularity, each of the elements of OCGA § 16-13-49 (n) (4), thereby giving the State the statutorily required information necessary to expedite the forfeiture proceedings. See *Tuggle*, supra at 355 (1). Accordingly, if a claimant fails to state with the required particularity each of the strict pleading requirements of OCGA § 16-13-49 (n)

(4) (D), such failure would support a trial court's ruling that appellant's answer was deficient. Compare *Tuggle*, supra at 354 (1). Examining appellant's answer in this light, we find that it did not, on its face, comply with each and every strict pleading requirement of OCGA § 16-13-49 (n) (4). We will not reverse the correct holding of a trial court regardless of the reason therefore. *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649).

3. Appellant's contention that none of the factual allegations in the State's pleadings should be taken as true, because they were not verified or sworn as required for a complaint filed under OCGA § 16-13-49 (o), is not reasonably contained within the scope of appellant's enumerations of error; thus, the issue is not preserved for appellate review. *Krebsbach*, supra at 475 (2); *Jones v. Sauls*, 213 Ga. App. 55, 58 (3) (c) (443 SE2d 693).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 23, 1998.

*M. P. Schildmeyer*, for appellant.
*J. Tom Morgan, District Attorney, Stephen D. Sencer, Assistant District Attorney*, for appellee.