A03A2332. WILLIAMS et al. v. STATE OF GEORGIA.
(588 SE2d 776)

BLACKBURN, Presiding Judge.

In this civil forfeiture action pursuant to OCGA § 16-13-49 (n), Raphael Anthony Williams and his sister, Raegain A. Williams, appeal the trial court's order finding that the 1991 Toyota Land Cruiser claimed by them had been forfeited to the State. The Williams siblings contend that: (1) Raegain, the purported owner of the vehicle, was not given sufficient notice of the forfeiture proceedings and (2) the trial court erred by not considering the sufficiency of an amended claim for the vehicle filed outside the initial 30-day statutory period prescribed by OCGA § 16-13-49 (n) (3). For the reasons set forth below, we vacate the judgment and remand this case to the trial court for consideration of plaintiffs' claim, as amended.

The record shows that, on October 10, 2002, police stopped Raphael while he was driving the Toyota, and, upon searching the car, found seven bails of marijuana inside. The vehicle was impounded, and, on October 15, 2002, the State served a notice of seizure on Raphael in jail. Then, on October 28, 2002, the State initiated forfeiture proceedings pursuant to OCGA § 16-13-49 (n), which governs the forfeiture of personal property with an estimated value of $25,000 or less. In accordance with the mandate of OCGA § 16-13-49 (n) (2), the State published notice of the forfeiture in the county that the property was seized for three consecutive weeks, beginning on November 8, 2002.

Pursuant to OCGA § 16-13-49 (n) (3), which allows an owner or interest holder in property subject to forfeiture to file a claim for that

property within 30 days after the second published notice of forfeiture, Raegain filed a timely claim of ownership on November 15, 2002, asserting that her brother had borrowed her vehicle on the night in question. Raegain's claim, however, failed to include the following information required by OCGA § 16-13-49 (n) (4): the date, identity of the transferor, and circumstances of her acquisition of the Toyota; the specific provision of OCGA § 16-13-49 which she relied on to support her assertion that the Toyota was not subject to forfeiture; and evidence of her ownership interest in the Toyota. See OCGA § 16-13-49 (n) (4) (D), (E), (F). In addition, the claim was not properly verified. OCGA § 16-13-49 (n) (4).

On December 18, 2002, three days after the period in which the Williamses could file an initial claim elapsed, the State filed a motion for judgment in which it asked the trial court to find that the Toyota had been legally forfeited pursuant to OCGA § 16-13-49 (n).[1] A hearing on this motion was set for January 6, 2003, and, on that date, Raphael and Raegain Williams filed an amended, verified claim for the Toyota in which Raegain added supplemental evidence of her ownership to comply with OCGA § 16-13-49 (n) (4).

After hearing the arguments of both parties, the trial court determined that the Williamses had failed to file a proper claim under OCGA § 16-13-49 (n) (3) within the required time frame, and, as a result, determined that the Toyota had been forfeited in accordance with OCGA § 16-13-49 (n) (6).[2] In reaching this conclusion, the trial court did not consider the amended claim filed on the day of the hearing.

1. Raegain contends that the State failed to give her sufficient notice of the forfeiture proceeding in violation of her due process rights. Despite the alleged insufficient notice, however, Raegain filed her original claim for the Toyota within the 30-day statutory period of OCGA § 16-13-49 (n) (3). "Pretermitting the questions whether the notice [given to Raegain] was in substantial compliance with the forfeiture statute and whether the notice is deficient is the question whether any error would require case reversal under the attendant circumstances." (Citation omitted.) *Serchion v. State of Ga.*[3] Raegain's

---

[1] In addition, on December 12, 2002, the State timely filed a complaint for forfeiture in response to Raegain's claim pursuant to OCGA § 16-13-49 (n) (5) which states: "If a claim is filed, the district attorney shall file a complaint for forfeiture as provided in subsection (o) or (p) of this Code section within 30 days of the actual receipt of the claim. A person who files a claim shall be joined as a party." The State, however, reserved its argument that the Williamses had not actually filed a sufficient claim pursuant to OCGA § 16-13-49 (n) (3).

[2] OCGA § 16-13-49 (n) (6) provides, in relevant part: "If no claim is filed within 30 days after the second publication of the notice of forfeiture, all right, title, and interest in the property is forfeited to the state."

[3] *Serchion v. State of Ga.*, 230 Ga. App. 336 (1) (496 SE2d 333) (1998).

original claim was considered timely, and the trial court reviewed it in reaching its determination of the State's motion for judgment. Thus, Raegain has failed to show any harm from the State's alleged failure to give her appropriate notice of the forfeiture proceeding. Id. As such, this enumeration lacks merit.

2. Raegain further contends that the trial court erred by granting the State's motion for judgment on the forfeiture, arguing that: (a) her original claim complied with OCGA § 16-13-49 (n) (4); and (b) the trial court erred by not considering her amended claim which was filed outside the 30-day statutory period allowed in OCGA § 16-13-49 (n) (3).

(a) Contrary to her contentions, Raegain's original claim did not comply with OCGA § 16-13-49 (n) (4). As stated previously, Raegain's claim was not verified and failed to include the following: the date, identity of the transferor, and circumstances of her acquisition of the Toyota; the specific provision of OCGA § 16-13-49 which she relied on to support her assertion that the Toyota was not subject to forfeiture; and evidence of her ownership interest in the Toyota. See OCGA § 16-13-49 (n) (4) (D), (E), (F).

(b) Raegain also contends that the trial court erred by failing to consider her amended claim which she filed after the 30-day period mandated by OCGA § 16-13-49 (n) (3). This case is controlled by our Supreme Court's holding in *Rojas v. State of Ga.*[4] The trial court should have considered Raegain's claim as amended prior to entering a ruling.

*Rojas* involved a forfeiture proceeding brought pursuant to OCGA § 16-13-49 (o). In that case, the plaintiff filed a timely initial answer to the State's complaint for forfeiture; however, the answer left out certain necessary information and thereby failed to satisfy the pleading requirements of OCGA § 16-13-49 (o) (3). Subsequently, the plaintiff filed an amended answer correcting any deficiencies after the statutory 30-day period for filing the initial answer had run, but the trial court struck the amendment and refused to consider it, finding that an amended answer under the forfeiture statute could not relate back to a timely filed initial answer.

Determining that the Civil Practice Act applies to forfeiture proceedings, our Supreme Court disagreed with the trial court, holding: "Under OCGA § 9-11-81,[5] the amendment provisions of OCGA § 9-11-

---

[4] *Rojas v. State of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998).
[5] OCGA § 9-11-81 provides as follows:
This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, amendments, counterclaims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions,

15 of the Civil Practice Act, including the relation back provisions of § 9-11-15 (c), apply to forfeiture proceedings unless specific, expressly prescribed rules of the forfeiture statute conflict with the amendment provisions of the CPA." (Punctuation and emphasis omitted.) *Rojas*, supra at 122 (2).

Our Supreme Court further expounded:

> Amendments to answers in forfeiture proceedings are permitted, and they relate back to the initial answer, thus meaning that any amendment to an answer under § 16-13-49 must be considered to have been filed within the 30-day limitation of § 16-13-49 (o) (3), and must be considered in determining the legal sufficiency of a property owner's answer under § 16-13-49 (o) (3). If, however, the answer and the amendment are legally insufficient under § 16-13-49 (o) (3), then [this insufficiency would support a trial court's determination that the State's motion for forfeiture should be granted. See, e.g., *State of Ga. v. Alford*;[6] *Serchion*, supra]. This construction of the CPA's amendment rules and the forfeiture provisions is consistent with our treatment of . . . amended answer[s] and with one of the purposes of § 16-13-49 — to protect the interests of innocent property owners.

(Punctuation omitted.) *Rojas*, supra at 123-124 (2).

As civil forfeiture under OCGA § 16-13-49 (n) is a "special statutory proceeding" under OCGA § 9-11-81 of the CPA and nothing in OCGA § 16-13-49 (n) conflicts with the amendment provisions of the CPA, we find, pursuant to *Rojas*, that the trial court erred by failing to consider Raegain's amended claim, and we therefore vacate the judgment and remand this case to the trial court so that it may do so before making its decision regarding forfeiture of the Toyota pursuant to OCGA § 16-13-49 (n) (6).

*Judgment vacated and case remanded. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 30, 2003 —
RECONSIDERATION DENIED OCTOBER 16, 2003 — 

*Arleen Evans*, for appellants.

---

interpleader, intervention, evidence, motions, summary judgment, relief from judgments, and the effect of judgments shall apply to all such proceedings.
[6] *State of Ga. v. Alford*, 264 Ga. 243 (444 SE2d 76) (1994).

*Peter J. Skandalakis, District Attorney, Thurbert E. Baker, Attorney General, Gary D. Bergman, Andrew T. Jones,* for appellee.