S04G0367. STATE OF GEORGIA v. WILLIAMS et al.
(603 SE2d 278)

FLETCHER, Chief Justice.

After the State initiated forfeiture proceedings against Raegain Williams' automobile under OCGA § 16-13-49 (n), Williams filed a timely but deficient claim of ownership. The State moved for judgment after the expiration of the time period for filing a challenge to the forfeiture proceedings. Williams attempted to amend her original

---

claim of ownership to cure the deficiencies, but the trial court denied the amendment and declared that all right, title, and interest in the automobile was forfeited to the State. The Court of Appeals reversed, ruling that under the reasoning of *Rojas v. State of Ga.*,[1] the relation back provision of the Civil Practice Act (CPA)[2] applied to Williams' amended claim.[3] We granted the State's petition for certiorari, and now affirm.

Forfeiture proceedings against property deemed to be worth less than $25,000 proceed under OCGA § 16-13-49 (n). In order to challenge the State's attempted condemnation under that subsection, any person claiming ownership of the property must file a claim of ownership within thirty days of the date of the State's second notice publication.[4] Williams' claim of ownership was timely, but defective because it was not verified and it failed to include other elements necessary for a valid claim of ownership.[5] Specifically, Williams' claim failed to include (1) the date, identity of the transferor, and circumstances of her acquisition of the property, (2) the specific provision of OCGA § 16-13-49 upon which she relies to support her claim that the property is not subject to forfeiture, and (3) evidence of her ownership interest.[6]

After the State sought judgment based on the defective claim of ownership, Williams sought to cure the deficiencies by filing an amended claim. The State argued that the amendment could not be accepted as it was untimely, but Williams asserted that the amended claim of ownership should "relate back" to the defective claim of ownership for purposes of determining the timeliness of the claim. The trial court rejected Williams' amended claim of ownership and held that the property was forfeited to the State.

In *Rojas*,[7] this Court held that the relation back provision of the CPA did apply in the forfeiture context for answers filed under OCGA § 16-13-49 (o) and (p), involving property worth more than $25,000. The State now asks this Court to restrict the applicability of that holding so that it does not apply to forfeiture proceedings under OCGA § 16-13-49 (n), involving property worth less than $25,000. The only apparent distinction offered by the State is that subsection (n) entails only an "administrative" process, while subsections (o) and (p) contemplate a judicial process.

---

[1] 269 Ga. 121 (498 SE2d 735) (1998).

[2] OCGA § 9-11-15.

[3] *Williams v. State of Ga.*, 263 Ga. App. 636 (588 SE2d 776) (2003).

[4] OCGA § 16-13-49 (n) (3).

[5] OCGA § 16-13-49 (n) (4).

[6] Id.

[7] 269 Ga. 121.

But it is well established that a forfeiture proceeding is a quasi-criminal proceeding, and that the forfeiture statute must be strictly construed against the State.[8] Unless the relation back provision of the CPA conflicts with "specific," "expressly prescribed" procedures under the forfeiture statute, the State may not circumvent a claimant's rights under the CPA merely by labeling the forfeiture proceeding "administrative" in nature.[9]

Like subsections (o) and (p), subsection (n) can reasonably be interpreted to allow the application of the relation back provision of the CPA without directly conflicting with the forfeiture statute. Although subsection (n) does not contemplate a court order to finalize the condemnation, it does contemplate that any property so condemned shall be disposed of in accordance with subsection (u), which does require a court order of disposition for property such as that involved in this case. Further, a court order is required to complete the forfeiture process where, as in this case, a timely but defective claim of ownership has been filed. Therefore, the relation back provision of the CPA can reasonably be interpreted to apply between the expiration of the 30-day period of subsection (n) and the final court-ordered disposition of the property under subsection (u). The State offers no valid reason to deprive a claimant in these circumstances of the provisions of the CPA.

Forfeiture is a quasi-criminal proceeding that permanently extinguishes a property owner's rights to certain property, and, accordingly, the forfeiture statute must be strictly construed against the State. Because subsection (n) can reasonably be interpreted to allow the relation back provision of the CPA to apply, and because there is no justifiable basis for depriving Williams of her rights under the CPA based on the value assigned to her property by the State, we hold that the relation back provision of the CPA does apply to forfeiture proceedings instituted under subsection (n). Accordingly, we affirm the opinion of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Thompson and Hines, JJ., who dissent.*

THOMPSON, Justice, dissenting.

The Civil Practice Act is not a "one size fits all" garment. It was not designed to fit every special statutory scheme. Because, in my view, the CPA cannot be tailored to fit the provisions governing claims filed under OCGA § 16-13-49 (n), I respectfully dissent.

---

[8] *Pitts v. State of Ga.*, 207 Ga. App. 606, 607 (428 SE2d 650) (1993); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U. S. 693, 700 (85 SC 1246, 14 LE2d 170) (1965).

[9] See OCGA § 9-11-81; *Rojas*, 269 Ga. at 122-123 (CPA applies to forfeiture actions unless the CPA directly conflicts with forfeiture statute).

In *Rojas v. State of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998), we held that the relation back provisions of the Civil Practice Act apply to *answers* filed in forfeiture proceedings under OCGA § 16-13-49 (o) and (p). But it does not necessarily follow that those same provisions apply to *claims* under OCGA § 16-13-49 (n). The answer to this question turns on whether the relation back provisions of the Civil Practice Act are in conflict with the expressly prescribed procedure set forth in subsection (n). OCGA § 9-11-81. If they are, the relation back provisions do not apply.

OCGA § 16-13-49 (n) sets up a two-tier process for the forfeiture of personal property with an estimated value of $25,000 or less. The first tier is "administrative" in nature: the district attorney notifies owners and interest holders that the property has been seized and is subject to forfeiture. If no claim is filed in a timely fashion, the property is forfeited to the State, and the matter is at an end. OCGA § 16-13-49 (n) (6). If, on the other hand, a timely claim is filed, the case proceeds to a second tier. OCGA § 16-13-49 (n) (5). At that level, complaints, answers, and judicial proceedings come into play. And so do the amendment provisions of the Civil Practice Act. OCGA § 16-13-49 (o) and (p); *Rojas v. State of Ga.*, supra. That is because the provisions of the Civil Practice Act do not conflict with the specific *pleading* provisions set forth in subsections (o) and (p) of the forfeiture statute. Id.; OCGA § 9-11-81. To put it simply, once a complaint is filed and the case proceeds in court, the Civil Practice Act supplements, and acts in concert with, the forfeiture statute. Thus, an *answer* to a forfeiture complaint can be amended, and the amended answer will relate back to the initial answer. *Rojas v. State of Ga.*, supra.

However, the relation back provisions of the Civil Practice Act are in direct conflict with the express directives of OCGA § 16-13-49 (n). That subsection of the forfeiture statute expressly provides that in the absence of a timely filed claim the property in question is forfeited to the State. OCGA § 16-13-49 (n) (6). As noted above, the process is administrative in nature. And it is automatic. Thus, once the time to file a claim expires under OCGA § 16-13-49 (n), forfeiture is in order, and amendments are of no use. See *Roberts v. State of Ga.*, 226 Ga. App. 824 (487 SE2d 667) (1997), in which the Court of Appeals correctly held (albeit for the wrong reason) that a claim filed pursuant to OCGA § 16-13-49 (n) cannot be amended.

It follows that, although *Rojas* applies to owner or interest holder answers under OCGA § 16-13-49 (o) and (p), it does not apply to claims under OCGA § 16-13-49 (n). The majority errs in ruling otherwise.

I respectfully dissent. I am authorized to state that Justice Hines joins in this dissent.

DECIDED SEPTEMBER 27, 2004.

*Peter J. Skandalakis, District Attorney, Andrew T. Jones, Gary D. Bergman*, for appellant.

*Arleen Evans*, for appellees.