A07A1538. STATE OF GEORGIA v. HOWELL.
(653 SE2d 330)

MILLER, Judge.

The State appeals an order issued by the Superior Court of Athens-Clarke County in a drug forfeiture case, (i) finding that Alton Howell, Jr., was an innocent owner of a $5,005 interest in a truck seized when police executed a search warrant at his son's residence and (ii) ordering the State to deliver either $5,005 or the truck to Howell. The State claims that Howell's interest in the truck was forfeited to the State because he failed to file a claim as required by OCGA § 16-13-49 (n) (3) and that, in any case, Howell's answer failed to adequately set forth "[t]he nature and extent of [his] interest in the property" as required by OCGA § 16-13-49 (o) (3) (C). We disagree and affirm.

We begin by noting that the interpretation of a statute is a question of law, which we review de novo on appeal. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). Moreover, "[b]ecause the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review. [Cit.]" *Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

The record reveals that officers with the Athens-Clarke County Police Department executed a search warrant at the residence of Blakely Ryan Howell and Aaron Gabriel Newman on February 11, 2005. After discovering marijuana growing in the residence, the officers seized equipment related thereto, including water pumps, grow lights, and mylar sheeting, as well as a 1996 Dodge pickup truck that they had seen being used to transport some of the equipment.

The State initiated proceedings pursuant to the administrative forfeiture provisions of OCGA § 16-13-49 (n). In connection therewith, the State posted a notice of the seizure in the Superior Court of Clarke County on April 7, 2005, as required by OCGA § 16-13-49 (n) (1); perfected service on all known owners and interest holders of the seized property on March 31, 2005, as required by OCGA § 16-13-49

(n) (2); and published notice of the seizure in The Athens Banner Herald on April 9, 15, and 22, as required by OCGA § 16-13-49 (n) (2).

On April 20, 2005, Blakely Howell filed a claim, pursuant to OCGA § 16-13-49 (n) (3), to a portion of the seized property, including the 1996 Dodge pickup truck. That claim asserted that the truck was not used in connection with illegal drug activity and that it had been purchased with the assistance of his father, Alton Howell, Jr., who paid the truck's loan balance of approximately $5,000 to Toyota Motor Credit Corporation. No other claims were filed during the 30 days following the second publication of the notice of forfeiture, as provided by OCGA § 16-13-49 (n) (3).

On May 16, 2005, as required by OCGA § 16-13-49 (n) (5), the State filed an in rem complaint for forfeiture pursuant to OCGA § 16-13-49 (o). Within 30 days, both Blakely Howell and Alton Howell filed answers asserting claims against the truck. The State moved to dismiss Alton Howell's answer on the basis that he had failed to file a claim, as his son had, pursuant to OCGA § 16-13-49 (n) (3).

Following a hearing, the trial court denied the State's motion to dismiss. On October 17, 2006, the trial court conducted another hearing, at which time Alton Howell presented unrefuted evidence that he did not know or have reason to know that his son was growing marijuana and that he did not consent to such conduct. On October 19, 2006, the trial court entered an order in favor of Alton Howell, finding that he was an innocent owner of a $5,005 interest in the value of the truck.[1] Soon thereafter, the trial court entered an order against Blakely Howell's interest in the truck.

1. On appeal, the State continues to claim that the trial court should have dismissed Alton Howell's answer in the in rem proceeding because any interest he possessed in the truck was forfeited when he failed to file a claim within 30 days following the second publication of the notice of forfeiture, as provided by OCGA § 16-13-49 (n) (3). We hold, however, that the plain language of the statute supports the trial court's conclusion that Alton Howell was permitted under OCGA § 16-13-49 (o) (3) to file an answer in the in rem proceeding.

OCGA § 16-13-49 (n) sets up a two-tier process for the forfeiture of personal property with an estimated value of $25,000 or less. The first tier is "administrative" in nature: the district attorney notifies owners and interest holders that the property has been seized and is subject to forfeiture. If no claim is filed in a timely fashion, the

---

[1] OCGA § 16-13-49 (e) (1) (A) provides that "[a] property interest shall not be subject to forfeiture under this Code section if the owner of such interest . . . establishes that [he] . . . [i]s not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur. . . ."

property is forfeited to the State, and the matter is at an end. OCGA § 16-13-49 (n) (6). If, on the other hand, a timely claim is filed, the case proceeds to a second tier pursuant to OCGA § 16-13-49 (n) (5).

Here, a timely claim was filed by Blakely Howell on April 20, 2005, and the State has not appealed the adequacy of that claim under OCGA § 16-13-49 (n) (4), which sets forth the requirements for a valid claim under the statute. OCGA § 16-13-49 (n) (5) provides that "if *a* claim is filed, the district attorney shall file a complaint for forfeiture as provided in subsection (o) or (p) of this Code Section" (emphasis supplied); and OCGA § 16-13-49 (n) (6) provides that "if *no* claim is [timely filed], all right, title, and interest in the property is forfeited to the state." (Emphasis supplied.)

While the State would have this Court interpret the statute as providing for administrative forfeiture as to any party who does not file a timely claim pursuant to OCGA § 16-13-49 (n) (3), a plain reading of the statute does not support such an interpretation. The trial court properly found that, as provided under OCGA § 16-13-49 (n) (5), *a* claim had been timely filed. As a result, the State was required to file a complaint for forfeiture. Id. Once the State filed a complaint in rem pursuant to OCGA § 16-13-49 (o), paragraph (3) of that subsection provides that any owner or interest holder in the property may file an answer to the complaint. "This court is not free to ignore the plain language of OCGA § 16-13-49, and the State should address [any] request to modify that statute to the legislature." *Bell v. State of Ga.*, 249 Ga. App. 296, 297 (548 SE2d 35) (2001).

We note that OCGA § 16-13-49 (z) provides that the forfeiture statute shall be "liberally construed to effectuate its remedial purposes." Such purposes are "(1) the prompt disposition of property subject to forfeiture under the statute; and (2) the protection of property interests of innocent owners, as defined by the statute." (Citation and punctuation omitted.) *Yoder v. State of Ga.*, 211 Ga. App. 226, 227-228 (438 SE2d 689) (1993). Here, the construction urged by the State would not protect the property interests of a party found by the trial court to be an innocent owner, and the State has provided no evidence to suggest that Alton Howell is not an innocent owner. See *Love v. State of Ga.*, 281 Ga. App. 664, 665 (1) (637 SE2d 81) (2006) (a trial court's findings of fact will not be reversed on appeal unless clearly erroneous). Moreover, the Supreme Court of Georgia has held that "it is well established that a forfeiture proceeding is a quasi-criminal proceeding, and that the forfeiture statute must be strictly construed against the State." (Footnote omitted.) *State of Ga. v. Williams*, 278 Ga. 447, 449 (603 SE2d 278) (2004); see also *Gen. Motors Acceptance Corp. v. State of Ga.*, 279 Ga. 328, 331 (613 SE2d 641) (2005) ("[B]ecause forfeiture of property is disfavored, the statutory scheme must be 'strictly construed and limited.' [Cit.]"). Clearly,

a strict construction against the State of OCGA § 16-13-49 (n) supports the trial court's holding that once a claim was filed pursuant to OCGA § 16-13-49 (n) (3) and the State filed an in rem complaint pursuant to OCGA § 16-13-49 (o), Alton Howell was entitled to answer such complaint.

2. The State also claims that, even if Alton Howell was entitled to file an answer to the in rem complaint, the answer he filed did not satisfactorily set out "[t]he nature and extent of [his] interest in the property" as required by OCGA § 16-13-49 (o) (3) (C). We disagree.

In his answer filed on August 12, 2005, Alton Howell asserted that in July or August 2003, he had "paid off an approximate balance of . . . $5,000 to Toyota Motor Credit Corporation" that his son owed on the truck and that he "is still owed said amount." It was not until the hearing that Alton Howell presented evidence that, in exchange for paying off the truck loan, he had taken possession of the truck's title until his son could pay him back.

We have held that "[g]reat particularity is required in a claim for seized property to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." (Citation and punctuation omitted.) *Francis v. State of Ga.*, 225 Ga. App. 195, 196 (2) (483 SE2d 643) (1997). Here, Alton Howell's answer failed to reference evidence, namely the transferred title, supporting his interest in the truck. However, the answer clearly stated that the interest was in the amount of $5,000, that the interest originated through Alton Howell's payment of such amount to Toyota Motor Credit Corporation in July or August 2003, and that the interest continued as a result of his son's failure to reimburse him. As a result, we hold that his answer set forth the "nature and extent of [his] interest in the property" as required by OCGA § 16-13-49 (o) (3) (C) with sufficient particularity. See, e.g., *Williams v. State of Ga.*, 222 Ga. App. 270, 272 (474 SE2d 98) (1996).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 5, 2007 —
RECONSIDERATION DENIED NOVEMBER 1, 2007 —

*Kenneth W. Mauldin*, District Attorney, *Anthony Lee Hing*, for appellant.

*Cook, Noell, Tolley, Bates & Michael, Edward D. Tolley, Ronald E. Houser*, for appellee.