## A09A0822. WEAVER v. STATE OF GEORGIA.
(683 SE2d 361)

MIKELL, Judge.

This appeal involves a civil forfeiture proceeding under the Georgia Controlled Substances Act ("GCSA").[1] The trial court granted the state's motion for an order of forfeiture and disposition of seized property belonging to Glenn Weaver, ruling that he failed to file a timely claim to the property, so it was forfeited to the state.[2] The trial court subsequently issued an order of distribution pursuant to OCGA § 16-13-49 (u) (4) (C). Weaver appeals, and we affirm for the reasons set forth below.

1. The state has filed a motion to dismiss this appeal, arguing that this Court lacks jurisdiction because Weaver did not timely file a notice of appeal. We disagree. The trial court entered a final judgment on April 3, 2008, granting the state's motion for an order of forfeiture. However, the court did not enter an order of distribution until May 7, 2008. Weaver filed a notice of appeal on May 29, 2008. The state contends that Weaver was required to file a notice of appeal within 30 days after the entry of the April 3, 2008, final judgment.[3] Both parties cite OCGA § 5-6-34 (a) (1), which provides that appeals may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An appealable final judgment "leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."[4] Weaver contends that the case was still pending in the trial court until the entry of the distribution order on May 7, 2008. Although it is not directly on point, *State of Ga. v. Williams*,[5] a Supreme Court case, contains language to the effect that in some instances, an order of distribution under OCGA § 16-13-49 (u) is required to complete the forfeiture process.[6] The trial court's final judgment in this case directed the district attorney to dispose of the property in accordance with that statute, and the order of distribution recites that the district attorney filed an application for such an order. Considering *Williams* together with our mandate that the Appellate Practice Act "shall be liberally construed so as . . . to avoid dismissal of any

---

[1] OCGA §§ 16-13-20; 16-13-49.

[2] See OCGA § 16-13-49 (n) (3), (6).

[3] See OCGA § 5-6-38 (a): "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."

[4] (Citation omitted.) *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981); accord *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831) (1991) (whole court).

[5] 278 Ga. 447 (603 SE2d 278) (2004).

[6] Id. at 449 (holding that OCGA § 9-11-15 (c), governing relation back of amendments, apply to forfeiture proceedings instituted under OCGA § 16-13-49 (n)).

case,"[7] we conclude that the action remained pending in the trial court until the district attorney complied with the trial court's judgment. Weaver's notice of appeal was thus timely filed within 30 days following the entry of the order of distribution. Accordingly, the state's motion to dismiss this appeal is denied.

2. Under the GCSA's forfeiture provision,[8] contraband, including money found in close proximity to a controlled substance or marijuana, may be seized by law enforcement officers.[9] If, as in the case at bar, the estimated value of the property is $25,000 or less, the district attorney of the judicial circuit where the property was seized is authorized to initiate forfeiture proceedings by posting notice of the seizure in the courthouse in the county where the property was seized and by publishing a copy of the notice in the local newspaper for at least three successive weeks. The notice of seizure must be served upon the property owner and must inform him that he has 30 days in which to file a claim.[10] If, as in this case, the owner's name and address are known, the notice may be served personally, or by "mailing a copy of the notice by certified mail or statutory overnight delivery to that address."[11] The owner may file a claim to the property within 30 days after the second publication of the notice of forfeiture.[12] Under OCGA § 16-13-49 (n) (6), if no claim is filed within 30 days after the second publication, "all right, title, and interest in the property is forfeited to the state."[13]

In this case, it is undisputed that on August 14, 2007, law enforcement officers seized $5,716 in cash and drug paraphernalia at a home in Athens, Clarke County. Weaver claimed that the money belonged to him. Notice of the seizure was posted in the Clarke County courthouse on October 10, 2007. On that date, the district attorney mailed a copy of the notice of seizure to Weaver by certified mail. A copy of the notice was published in the Athens Banner Herald for three consecutive weeks: October 12, October 19, and October 26, 2007. Weaver did not file a claim until November 20.

On December 20, 2007, the state filed a motion for an order of forfeiture and disposition pursuant to OCGA § 16-13-49 (n) (6), asserting that Weaver's claim was untimely filed 32 days after the date of the second publication. Weaver filed a motion to dismiss,

---

[7] OCGA § 5-6-30.
[8] OCGA § 16-13-49.
[9] OCGA § 16-13-49 (d) (6), (g) (1).
[10] OCGA § 16-13-49 (n) (1)-(2).
[11] OCGA § 16-13-49 (i) (2) (A).
[12] OCGA § 16-13-49 (n) (3).
[13] OCGA § 16-13-49 (n) (6).

contending, inter alia, that the notice of seizure was not served upon him until October 25, 2007, the date of delivery shown on the certified mail receipt. Weaver argued that because the notice stated that he had 30 days in which to file a claim, he timely filed his claim within 30 days of such delivery.[14]

Based on the record and arguments of counsel,[15] the trial court concluded that service by certified mail was perfected on the date of mailing, October 10, 2007; and that Weaver was required to file a claim either within 30 days of that date[16] or within 30 days after October 19, which was the date of the second publication.[17] The court ruled that utilizing either calculation, Weaver's claim was not timely filed. Consequently, the court granted the state's motion for an order of forfeiture and disposition pursuant to OCGA § 16-13-49 (n) (6) and denied Weaver's motion to dismiss. The court subsequently granted the state an order of distribution pursuant to OCGA § 16-13-49 (u) (4) (C).

In his first enumeration of error, Weaver argues that the trial court erred in relying on OCGA § 9-11-5 (b) in ruling that service by certified mail was perfected on the date of mailing. We agree. While that Code section provides that "[s]ervice by mail is complete upon mailing," it only applies to orders, pleadings, notices and the like that are served by mail after the complaint has been served.[18] Here, the district attorney did not file any complaint before serving the notice of seizure. Thus, even though the Civil Practice Act ("CPA") applies to forfeiture actions unless the CPA directly conflicts with a specific provision in OCGA § 16-13-49,[19] OCGA § 9-11-5 (b) is not analogous to service of a notice of forfeiture by certified mail and, therefore, does not apply in this context. Moreover, the date of mailing of the notice by certified mail was not relevant in this case as it preceded the date of the second publication. Thus, the trial court erred in relying upon such date of mailing. But that does not end our inquiry, because even if the trial court has committed an error of law, this Court will affirm a ruling if it is right for any reason.[20]

---

[14] OCGA § 16-13-49 (n) (2).

[15] There is no transcript in the record on appeal because, according to Weaver, no evidence was taken.

[16] OCGA § 16-13-49 (n) (2), (i) (2) (A).

[17] OCGA § 16-13-49 (n) (3).

[18] OCGA § 9-11-5 (b).

[19] See *Williams*, supra; *Rojas v. State of Ga.*, 269 Ga. 121, 122-123 (2) (498 SE2d 735) (1998); OCGA § 9-11-81.

[20] *Morris v. State of Ga.*, 234 Ga. App. 683, 686 (507 SE2d 532) (1998) (affirming forfeiture on ground not relied upon by trial court).

Our analysis is governed by the laws of statutory construction. "[T]he interpretation of a statute is a question of law, which we review de novo on appeal."[21]

OCGA § 16-13-49 (n) (2) pertinently provides:

A copy of the notice, which shall include a statement that the owner of such property has 30 days within which a claim must be filed, shall be served upon an owner . . . as provided in subsection (i) of this Code section and shall be published for at least three successive weeks in a newspaper of general circulation in the county where the seizure was made.

Subsection (i), in turn, states in relevant part:

When property is seized pursuant to this article, the district attorney . . . shall give notice of the seizure to any owner . . . who is not present at the time of seizure. . . . If the owner's . . . name and current address are known, by either personal service or mailing a copy of the notice by certified mail or statutory overnight delivery to that address.[22]

Subsection (n) (3) then states that the owner "may file ·a claim within 30 days after the second publication of the notice of forfeiture"; and, finally, subsection (n) (6) provides that if a claim is not filed within that specific time period, then the property is forfeited to the state, and the district attorney shall dispose of it pursuant to subsection (u).

In interpreting statutes, we look to the intent of the legislature and construe the statutes to effect that intent.[23] In enacting the forfeiture statute, the General Assembly intended to balance two interests: the prompt disposition of property subject to forfeiture, and the protection of the property interests of innocent owners.[24] Our Supreme Court has ruled that a forfeiture proceeding is a quasi-criminal proceeding, so that the forfeiture statute must be strictly construed against the state.[25] We must also bear in mind, however, that where the statutory language "is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe

[21] (Citation omitted.) *State of Ga. v. Howell*, 288 Ga. App. 176 (653 SE2d 330) (2007).
[22] OCGA § 16-13-49 (i) (2) (A).
[23] *Goldberg v. State*, 282 Ga. 542, 546 (651 SE2d 667) (2007).
[24] *Ford v. State of Ga.*, 271 Ga. 162, 163 (516 SE2d 778) (1999).
[25] *Williams*, supra.

it according to its terms."[26] In addition,

> [a] statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.[27]

Construing subsections (n) and (i) of OCGA § 16-13-49 in pari materia, we conclude that they are susceptible of but one reasonable construction; namely, that the district attorney "shall" give notice of the seizure; that he or she may serve the notice upon the owner by certified mail; and that if the owner of the property desires to file a claim, he must do so within 30 days of the date of the second publication of the notice; otherwise, the property is forfeited.[28] The interpretation urged by Weaver, namely, that the 30-day period in which to file a claim begins upon delivery of the notice by certified mail, is not a reasonable or natural construction of the statutory scheme. The 30-day period in which to file a claim plainly begins to run from the date of the second publication,[29] and we cannot construe OCGA § 16-13-49 (n) (3) to impose a different requirement.[30] As stated above, the precise date of mailing in this case is not relevant to our inquiry, as the notice was, in fact, mailed prior to publication.

The notice sent by the state in this case provided that "the owner or interest holder may file a claim against the seized property within thirty (30) days after the second publication of this Notice." Such notice strictly complied with OCGA § 16-13-49 (n) (1), (2) and (3). Accordingly, Weaver was required to file a claim within 30 days after October 19, or by November 18. Weaver failed to do so. Hence, the trial court properly granted the state's motion for an order of forfeiture.

---

[26] (Citation and punctuation omitted.) *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[27] (Citation and punctuation omitted.) *Goldberg*, supra.

[28] See *Serchion v. State of Ga.*, 230 Ga. App. 336 (1) (496 SE2d 333) (1998) ("Although OCGA § 16-13-49 (n) (1) and (2) provide that the notice shall inform the owner of the seized property that he has 30 days in which to file a claim, OCGA § 16-13-49 (n) (3) and (6) clarify that the owner or interest holder may file a timely claim within 30 days after the second publication of the notice of forfeiture."). Accord *Roberts v. State of Ga.*, 226 Ga. App. 824, 825, n. 1 (487 SE2d 667) (1997).

[29] OCGA § 16-13-49 (n) (3).

[30] See *State v. Collier*, 279 Ga. 316, 318 (612 SE2d 281) (2005) ("where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden") (citation and punctuation omitted).

3. Contrary to Weaver's contention, the state was not required to file a complaint pursuant to OCGA § 16-13-49 (n) (5), as that statute applies only if a claim is timely filed.[31] Weaver's claim was untimely.
*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 6, 2009 —
RECONSIDERATION DENIED AUGUST 18, 2009 ▉▉▉▉▉▉▉

*James W. Smith*, for appellant.
*Kenneth W. Mauldin*, District Attorney, *Anthony Lee Hing*, for appellee.

---

[31] See *Howell*, supra at 177-178 (1).